SEPT TERM. **1840.**

Thomas vs Cox.

THOMAS v. Cox to the use of BELTZHOOVER.

1. A plea alleging an assignment of the instrument sued on, by the plaintiff to a third person, should state the form of the assignment for if the instrument was verbally assigned the assignee could not sue upon it in his own name.

2. The 2nd section of the act concerning "bonds and notes" (R. C. 1835, p. 105,) making bonds and promissory notes, for money or property assignable, does not apply to covenants which are left as at common law—not assignable so as to enable the assignee to sue thereon in his own name.

3. A plea of surrender of a term and acceptance thereof, in an action of covenant, should state that plaintiff accepted the same in discharge of the covenant, as nothing will discharge a covenant but a performance or discharge under seal.

Appeal from St. Charles circuit court.

*Bates and Campbell for Appellant.*

1st point. An instrument of writing, such as the one on which this suit is brought, under our statute may be legally assigned, so that the suit should be brought in the assignee's name.

2nd. An instrument of writing, such as the one now sued upon, may be surrendered by words without writing.

3rd. Verbal testimony is competent to prove a surrender of such a lease as that now in controversy.

4th. The court ought to have granted a new trial in the cause.

5th. The declaration of the plaintiff is materially defective. Authorities—Revised Code, page 105, sec. 2. Do. 284, sec. 9. 2nd Blackstone's Com., page 327, sec. 10. 2 Chitty, page 535–6 and note. 1st do. page 107.

*Coalter for Appellee.*

The first point which arises in this case is on the demurrer to the first plea, and this I maintain was properly sustained by the court. 6th Cranch, page 82, Lewis vs. Harwood. 1st vol. Rev. Code of Virginia of 1819, page 484.— Force's adm'r. vs. Thomason, 2nd Littell's Reports page 166 and Holbert vs. Deering, and Brooks vs. Deering, same book, vol. 4, page 9.

The next point arises on the demurrer to the second plea; this plea is that the house and premises mentioned in the lease were destroyed by fire before the termination of the

lease, and therefore Thomas was not bound to pay. There is no doubt that a tenant is bound to pay rent, notwithstanding the destruction of the house by fire, unless there is a special exception in his lease, that in case of fire he shall not be bound to pay rent. Comyn on landlord and tenant pages 115 and 119.

The next point is on the surrender which he says he made to Cox. This plea certainly is a nullity. Statute of frauds, section 9.

The other points are on the exclusion of testimony. The deed to Jonathan L. Bean, and the written statement of James B. Bowlin were properly excluded, because they had no relevancy to any of the issues. The statements of Magehan and McKee were properly excluded for the same reason, and because they went to prove a verbal conversation with Beltzhoover about the premises, and a surrender to him verbally, if they prove any thing. The receipts of Busby were properly excluded because they were not competent unless a judgment and executions were shown, by which he was authorised to receive the money.

*Opinion of the court by McGirk Judge.*

In the St. Charles circuit court, Cox, to the use of Beltzhoover, brought three actions of covenant on the same writing against Thomas and two others. The suits are nearly alike in all respects.

The actions are founded on an article or agreement under seal, by which, Wm. Cox bargains and contracts as follows: (to wit,) "I William Cox, for and in consideration of the sum of one thousand dollars to be paid as hereinafter mentioned do hereby assign and set over to Jonathan Thomas, John Dawson and Isaac Rubel all the right, title and interest which as assignee, I have in and to the following premises, (here the premises are described being a house and lot in St. Louis,) which I now hold under a lease from Arthur L. McGinnis, dated April 1st, 1835, for the full and complete term of four years from the date thereof." At the end of this clause the covenant proceeds as follows: (to wit,) "and the said Jonathan Thomas, John Dawson, and Isaac Ruple, for them-

selves their heirs, executors and assigns, do hereby covenant to and with the said Cox, and his heirs, to pay the just and full sum of one thousand dollars for the unexpired term of said lease to said Cox, which is three full and complete years from the first day of April 1836, in quarterly instalments or payments, and that they will at the end of said term return unto said Cox the aforesaid house, messuages or tenements, in as good order and repair as they received it usual wear excepted. Witness our hands and seals." Then the same is signed and sealed by all the parties.

The breaches assigned are, that said parties entered into the enjoyment of the premises immediately, and that Cox fulfilled all things on his part, but that the defendants on the 1st of April 1839, five hundred dollars being then due, failed to pay the same, &c., wherefore he is injured, &c.

The writ was served on Thomas, who appeared and craved oyer of the covenant sued on, and on it being read, he pleaded several pleas, the first of which is, that after the making said covenant, on the 27th day of July 1837, the said Cox assigned all his right and interest to the premises aforesaid to one Frederick W. Beltzhoover, and this the defendant Thomas is ready to verify, wherefore he prays judgment, &c.

2nd plea is that the premises were without fault of defendant burnt down.

The 3rd plea is that at the time the indenture was made, the defendant paid Cox all rent due, (to wit, $100,) up to 31st of July 1836, and that the defendants then surrendered the balance of the term to Cox, the plaintiff, who then and there accepted the said surrender, and this the defendant is ready to verify, &c.

4th plea is payment and issue joined to the country, and this is found against the defendant.

There is a demurrer to the three first pleas. The court sustained the demurrer to the defendants three first pleas, and gave judgment for plaintiff, to reverse which the cause is brought here by appeal.

The first question made by the defendant in the court below is whether Cox could assign his interest in the leased

premises, and yet sue in his own name to the use of Beltz-
hoover. It is argued that the plaintiff could no longer, af-
ter the assignment, use his own name. I consider that this Thomas
view of the matter is wrong. The plea says, Cox assigned v.
and made over all his interest to the premises, and to the Cox.
indenture to one Frederick Beltzhoover, and argues there- *A plea al-*
fore that Beltzhoover, as assignee, should sue in his own *leging an as-*
name, and that the suit should not be Cox to the use of *signment of*
Beltzhoover. *the instru- ment sued on,*

There are in my mind several objections to this plea. In *by the plain- tiff to a third person,should*
the first place the form of the assignment is not alleged; the *state the form of the assign-*
plea does not shew whether the assignment was written, *ment, for if*
printed, or verbal. If it were verbal, I am of opinion no *the instru- ment wasver-*
suit could be brought on it in the name of the assignee direct. *bally assigned*
This is one reason why 1 deem the plea bad. At common *the assignee could not sue*
law this covenant would not be assignable, so as to enable *upon it in his*
the assignee to sue in his own name. The statute has made *own name.*
some rights evidenced by paper assignable. But it has not *The 2d sec-*
made all rights assignable. In Rev. Code 1835, page 105, *tion of the act*
sec. 2. The statute declares that "all bonds and promissory *concerning "bonds and*
notes for the payment of money or property, shall be assign- *notes," (R. c.*
able, and the assgnee may maintain an action thereon in his *1835, p. 105,) making bonds*
own name against the obligor or maker for the recovery of *and promisso-*
the money or property specified therein, or so much as may *ry notes, for money or pro-*
have been due at the time of the assignment, in like manner *perty, assign-*
as the payee or obligee might have done. Why the legisla- *able, does not applyto cove-*
ture did not see proper to make every possible kind of obli- *nants which are left as at*
gation secured by paper writing, assignable is not for me to *common law*
say. They have left out all covenants, and there can be no *—not assign- able so as to*
doubt that the writing sued on in this case is a covenant in *enable the as-*
the strictest sense of the common law, and that it is not a *signee to sue thereon in his*
bond nor note, for the payment of money or property mere- *own name.*
ly, then not assignable. Then, as at common law, the pay-
ee might sell his right to have the money, and with it he
might sell the purchaser the right to use his name to recover
the money with.

This is enough to put the question of assignment to rest. *A plea of sur-*
I am of opinion that on that plea the court committed no *render of a term and ac-*
error. I will now examine the plea of surrender which was *ceptance thereof, in an*

SEPT. TERM
1840.

Thomas
v.
Cox.

*action of covenant, should state that plaintiff accepted the same in discharge of the covenant, as nothing will discharge a covenant but a performance or discharge under seal.*

demurred to by the plaintiff. The plea nowhere asserts the fact that the lot, &c., was surrendered to and accepted by Cox, in satisfaction of the defendants obligation to him to pay the $1000. It is a well settled rule in law that nothing will discharge a sealed covenant but a performance or discharge under seal. Here no such thing is alleged—the plea says Cox accepted the lease, but for what it does not say; whether in satisfaction of his demand is not said. For these reasons the plea is bad, and the circuit court of St· Charles committed no error on this point.

As to the other demurrer, it was not relied on, and I have not seen any thing in it. Judgment affirmed.