LIVERMORE AND COOLEY, Appellants, v. JAMES H. EDDY'S ADMINISTRATOR, MANLIUS BRANHAM, Respondent.

*Practice—Depositions.*—To authorize the reading of a deposition taken for the reason that the witness was about to leave the State, it must appear by other evidence than that contained in the deposition that the witness is absent from the State at the time of trial. (R. C. 1855, p. 658.)

*Landlord and Tenant.*—The quitting of the premises occupied by a tenant during the term, and sending the key to the landlord, who proceeds to repair and use the house, does not discharge the tenant from his liability to pay rent, unless the landlord consent to acquit the rent.

*Appeal from St. Louis Land Court.*

*Bland* and *Colman*, for appellants.

I. The court erred in admitting the deposition of Voorhis. The 28th section of the act concerning depositions (R. C. 1855, p. 658) specifies the cases in which depositions may be read and used in evidence, and in no other cases may they be so read and used.

The first case provided for in this act is that where "the witness resides or is gone out of this State," and the defendant read from the deposition itself, without any other proof to establish the fact, that deponent had gone out of this State. Now we say, 1. It was not competent to establish such fact by the deposition itself, because the fact must first be made to appear to the court by some competent evidence before the deposition can have competency, or can be read or used as evidence in the cause for any purpose whatever. (Grinnan v. Mockbee, 29 Mo. 345.)

2. Even assuming that a fact required by the statute to be established by the deposition itself—yet the statement in the deposition by the witness, to wit, "I start this evening for Salt Lake City, in Utah Territory, and shall be absent for a year or more," does not by any means establish the fact that at the time of the trial he resided or had gone out of the State. (Gaul v. Grenger, 19 Mo. 541.)

II. The court erred in giving the second of said instructions. To constitute a surrender by operation of law, the landlord must not only accept it with the purpose of holding it, but of holding it discharged of the tenancy. (Kerr v. Clark, 19 Mo. 132.) The removal of a tenant and giving the key to the landlord does not amount to a surrender. (Prentiss v. Warne, 10 Mo. 601.)

*Lackland, Cline & Jamison*, for respondent.

I. There was error in the court below in giving instructions to the jury, because they were legal and proper and applicable to the case.

Livermore & Cooley v. Eddy's Adm'r.

A surrender of the leased premises and acceptance thereof before the end of the term discharges the tenant from the payment of rent. (Davidson v. Donadi, 2 E. D. Smith's R. N. Y. 121; Guinmann v. Legge, 8 Barn. & Cress. 324; 5 Taunt. 518.)

II. The court did not err in admitting in evidence the deposition of Voorhis, because there was sufficient evidence, besides the deposition, of a surrender and acceptance of the leased premises, which was the whole matter in controversy. With regard to the deposition of Voorhis, in the case cited (19 Mo. 541), the deponent stated that he started for Europe on the morrow, but did not state how long it would take him to go, nor how long he would be absent. Voorhis, however, deposes that he is going to a far off country and will be absent a year or more. It is the fact that he will remain absent that admits the deposition.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit by the appellants against Eddy to recover the rent of a dwelling-house in the city of St. Louis, for the month of May, 1855. There being a verdict and judgment for the defendant, the plaintiffs appealed to this court.

On the trial it appeared that Eddy had occupied the house as tenant of the appellants from the first of April, 1852, till the 3d of May 1855, at an annual rent of five hundred and fifty dollars, payable monthly, at the end of each month; and that on the last named day he paid to the appellants' collector the rent for the month of April, and offered to pay for the three days in May, but the collector refused to receive it. On the same day Eddy vacated the house and sent the key to Livermore's residence, where it was delivered to a domestic. In a day or two afterwards Eddy caused a tender of the three days' rent to be made to Mr. Livermore in person, which was refused, Livermore insisting upon his right to rent for the entire month. It also appeared that persons were seen making repairs about the house at some time during the month of May, after Eddy's removal, but there was

nothing tending to show that the house was occupied by any tenant, nor anything to show any previous notice of Eddy's intention to quit.

The only questions arising in the case which we need notice relate to the action of the court in the admission in evidence of the deposition of the witness Voorhis, and in the giving of the instructions asked by the defendant.

In the deposition the witness states: "I start this evening for Salt Lake City in Utah, and shall be absent for a year or more."

In order to account for the absence of the witness from the place of trial the defendant offered the above recited statement, and the court, against the objection of the appellants, permitted it to be read, and then against their further objection permitted other parts of the deposition to be read to the jury. This was in palpable violation of the law. The statute provides that in lieu of examination of the witness in open court, his deposition in certain enumerated cases may be read in evidence, one of which is, where the witness "resides, or is gone out of this State." When, therefore, a deposition is offered, the first issue to be tried is as to its competency as an instrument of evidence. This is to be established by proof of the existence of the state of case which warrants its use; and the very nature of the proceeding presupposes the proof to come from a source foreign to the deposition whose competency is on trial, otherwise the preliminary issue is a farce.

The instructions given at the instance of the defendant, and to the giving of which the appellants excepted, are as follows, viz:

1. "If the jury believe from the evidence in the cause that the defendant delivered the possession of the premises to the plaintiffs on the 3d day of May, 1855, and that they, or either of them, accepted the same with intent to discharge the defendant from further payment of rent, then plaintiffs cannot recover the rent for said month of May."

2. "If the jury believe from the evidence in the cause

that the plaintiffs, or either of them, accepted the key of the defendant, and took possession of the house, and used the same and made repairs thereon during the month of May, 1855, on their own account, then the plaintiffs cannot recover the rent for said month."

The first instruction is unsupported by the evidence, and is therefore bad.

There is nothing tending to prove, as the instruction assumes is the case, any agreement or understanding on the part of the appellants that they were to exonerate the defendant from the payment of the rent, but, on the contrary, all the evidence on the point is opposed to this theory.

The second instruction rests the defendant's discharge not upon any agreement of the appellants to discharge him, but alone upon their accepting the key, and using and repairing the house. This puts the defence on ground too narrow; it gives to the facts enumerated an importance they do not in the law possess, and rejects the most essential element of the defence, to wit, the agreement of the appellants.

The appellants' possession and use of the property could not, independent of any agreement to acquit, have the effect of acquitting the defendant of his liability for the rent. The Land Court committed error in the admission of the deposition and in giving the instructions, and its judgment is therefore reversed and the cause remanded for a new trial.

The other judges concur.