Allen v. Richard.

lant to redeem it. And in our opinion that judgment is right.

Let the judgment be affirmed. All concur.

---

## ALLEN v. RICHARD, *Appellant.*

1. **Statute of Frauds:** CONTRACT TO PURCHASE LAND. An oral agreement between plaintiff and defendant that the latter shall purchase for the former the land of a third person and receive for his services a stipulated sum is within the statute of frauds and cannot be enforced.

2. ——: ——: EQUITY. The contract, itself, being within the statute of frauds, and there being nothing in the transaction to render it a fraud on plaintiff to deny him the title or refuse him compensation in damages, there are no grounds for equitable relief and nothing to take the contract out of the operation of the statute. Plaintiff is only entitled to his action against defendant for money had and received for any compensation advanced the latter.

3. ——: PLEADING. Under a general denial it is unnecessary to plead the statute of frauds in order to receive its benefits.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*Ira Hall* for appellant.

The alleged contract was within the statute of frauds and defendant's objections to the proof thereof by parol should have been sustained. *Horsey v. Graham,* L. R. 5 C. P. 13; *Mather v. Scoles,* 35 Ind. 2; 2 Wharton Ev., sec. 863; *Martin v. Wharton,* 38 Ala. 637; see also Browne St. Fr. secs. 230, note 5, 263-6-7-8, 511; *Bryan v. Jamison,* 7 Mo. side p. 106 top 158; see *Hook v. Turner,* 22 Mo. 335. So also courts of equity have held "where one man by parol employs another as agent to buy an estate for him, and that other buys it for himself with his own

money," that it was a case within the statute of frauds and would not compel him to convey if he denied the agency. 2 Story Eq., § 1201 a; Hill on Trusts, * p. 96; *Kelly v. Johnson*, 28 Mo. 252. If a court of equity will not enforce specific performance of a contract for sale of land, because by parol, a court of law will not give damages for loss of bargain. *Culligan v. Wingarten*, 57 Mo. 241; Browne St. Fr. § 122. The burden was upon plaintiff to prove a valid contract. Browne St. Fr. §§ 263 a, 266 and cases cited *supra*. The answer denied the alleged contract and it was unnecessary to plead the statute of frauds to take advantage of its benefits. *Hook v. Turner*, 22 Mo. 333 and cases cited. Such pleading is not permissible. 1 R. S. § 3523; *Darrett v. Donnelly*, 38 Mo. 492.

*Macfarlane & Trimble* for respondent.

(1) The statute of frauds does not prevent plaintiff's recovery in this case, because it was not pleaded. 54 Maine, 196; *Gist v. Eubank*, 29 Mo. 248; *Gardner v. Armstrong*, 31 Mo. 535; *Huffman v. Ackley*, 34 Mo. 277; *Sherwood v. Saxton*, 63 Mo. 79. (2) The statute of frauds does not prevent plaintiff's recovery, because this case is not within the statute. The contract between plaintiff and defendant, for the breach of which the defendant is sued, was not a "contract for the sale of lands or any interest in or concerning them." The plaintiff does not claim that the defendant contracted to buy any lands from him, nor to sell any lands to him. It was a contract for services—the employment of an agent with power to buy lands for the principal. Such employment need not be in writing. *Jackson v. Murray*, 17 Am. Dec. 53 and note; 5 Kan. 552; *Riley v. Minor*, 29 Mo. 439; *Killmore v. Hawlett*, 48 N. Y. 569; *Chester v. Dickerson*, 54 N. Y. 1; Browne on Stat. Frauds, §§ 262, 263 and 263 a; *Hale v. Stuart*, 46 Mo. 20.

MARTIN, C.—This is an action at law for breach of a contract relating to the purchase of real estate. It is alleged, in substance, that the defendant agreed and undertook to purchase from the owners thereof, for and on account of plaintiff, a tract of 240 acres of land, known as the Hemisfor farm, at the price of $13 per acre, and have the title thereof conveyed by good and sufficient deed to plaintiff in consideration of $100 as compensation, the purchase money thereof to be furnished by plaintiff; that plaintiff paid $34 on account of said compensation; that defendant in disregard of his undertaking failed and refused to purchase said farm for plaintiff, but intending to cheat and defraud the plaintiff purchased the same for himself and refuses to convey the same to plaintiff or to give him possession thereof; that plaintiff has always been ready and willing to pay the stipulated price for the farm and the balance of defendant's compensation and has offered to do so. For this failure of defendant to keep his agreement judgment is asked in the sum of two thousand dollars.

To this complaint the defendant made a general denial and set up a counter-claim which need not be noticed. The cause was tried by a jury and resulted in a verdict for plaintiff in the sum of $500 from which the defendant appeals.

There was a conflict of evidence respecting the issues tried. The testimony of plaintiff tended to support the allegations of the petition while the defendant in his testimony denied having undertaken to buy for plaintiff. The material point in the case was raised by defendant in his objections to the admission of oral evidence and was disclosed again in an instruction asked by him which was somewhat in the nature of a demurrer to the evidence adduced by plaintiff. It appears from the testimony submitted by plaintiff in support of his case that defendant orally agreed to buy the farm for plaintiff, saying that he could buy it cheaper than plaintiff; that he

was to receive $50 for his services; that he received $2.50 to pay his expenses to Mexico, where the owner resided; that afterwards defendant informed plaintiff that he had purchased the farm for him for $3200; that $20 for his services were paid and the balance agreed to be paid when the deed should be made; that afterward defendant on being interrogated informed plaintiff that he and was going to Mexico for the deed the next morning and that he meant to take the land to himself; that plaintiff, although not possessed of the funds wherewith pay for the land, had made effective arrangements with one Wright whereby the necessary funds were ready for him when called for. The deed of the land from the owner to defendant was put in evidence.

I.   On this showing I am of the opinion that the contract attempted to be enforced was clearly within the statute of frauds. That statute forbids the bringing of any action "to charge any person   *   *   upon any contract for the sale of lands, tenements, hereditaments or an interest in or concerning them   *   *   unless some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some other person by him thereto lawfully authorized." Rev. Stat. 1879, sec. 2513.   It is argued by plaintiff that this was only a contract of employment relating to real estate and not within the statute of frauds. Although there is an element of agency in the contract, the action itself, is grounded upon the special undertaking of the agent to buy a particular tract of land and have it conveyed to plaintiff at a stipulated price. The plaintiff seeks to charge him for violation of this undertaking and asks damages for breach of it in like manner as if he had undertaken to convey his own land instead of procuring the conveyance of another person's. The relation of employer and employe was incidentally established between the parties, but the action is not for the value of services rendered or return of the price thereof. If the defendant was suing for the value of his services actually

rendered in behalf of plaintiff, the fact that the contract under which they were rendered was within the statute of frauds would constitute no defense. He could recover on a *quantum meruit*. Browne Stat. Frauds (4 Ed.) sec. 118. In like manner the statute would be no defense if the plaintiff was suing for a return of the $50 or any part thereof, paid for services which were never rendered in compliance with contract. *Basford v. Pearson* 9 Allen 387; *White v. Wieland*, 109 Mass. 291; *Moody v. Smith*, 70 N. Y. 598. In this sense a contract for services may be regarded as not within the statute.

I think it will be found pretty generally held by the courts that the undertaking of any one to procure for another one an interest in or conveyance of a third person's lands is within the statute of frauds, unless evidenced by written memorandum. *Mather v. Scoles*, 35 Ind. 2; *Martin v. Wharton*, 38 Ala. 637; *Bryan v. Jamison*, 7 Mo. 107; *Campbell v. Taul*, 3 Yerg. 548; *Horsey v. Graham*, L. R. 5 C. P. 9. I do not perceive how this conclusion can be affected by the fact that one of the parties is agent of the other for hire. ' I take it that it would be against 'the spirit and policy of the statute to relieve a person from all oral obligations to convey or create an interest in his own lands, but hold him liable on similar undertakings to create an interest in another person's lands.'

II. The naked contract itself being within the statute, I fail to find in the evidence any facts or circumstances recognized in equity as sufficient to take it out of the operation thereof, such as full performance by plaintiff, payment for land taken in the name of another, expenditures in improvements thereon, or change in condition in life so as to render it a fraud on the plaintiff to deny him the title or refuse him compensation in damages. *Winters v. Cherry*, 78 Mo. 344; *Adair v. Adair*, 78 Mo. 630; *West v. Bundy*, 78 Mo. 407. The cases cited by counsel for plaintiff do not support his action on the facts of this case. The plaintiff employed

the defendant to buy a particular tract of land for him. But he has not on the faith of the contract paid any purchase money, received any possession or profits, or in any manner changed his pecuniary condition in life. For the compensation advanced to defendant he has his action for money had and received.

III. It is contended that the defendant is not entitled to the advantage of the statute of frauds for the reason that he did not plead it in his answer. It is often laid down that the statute must be pleaded by the party claiming its benefits. When the plea admits the contract the statute must be pleaded. But when the contract is denied the burden is imposed on the plaintiff to establish it by legal evidence. The defendant therefore may raise his defense at the time the proof is submitted by proper objections to its admission. He has the right to presume that it will comply with the law, if it has any existence at all, there being no intimation to the contrary in the petition or complaint. It is unnecessary under a general denial to plead the statute in order to have its benefits. *Hook v. Turner*, 22 Mo. 333; Browne on Stat. Frauds (4 Ed.) sec. 511. According to these views the defendant's objections to the oral evidence submitted by plaintiff under his pleading should have been sustained and the evidence excluded.

For this error the judgment is reversed and cause remanded. All concur.