J. F. LAMMERS, Defendant in Error, v. R. P. McGEEHAN, Plaintiff in Error.

Kansas City Court of Appeals, February 2, 1891.

1. **Frauds and Perjuries:** PLEADING: AFFIRMATIVE DEFENSE: GENERAL DENIAL. The statute of frauds is an affirmative defense, and while a general denial will be considered a sufficient plea to permit the claim of the statute to be made on the trial, yet it must be made, as for instance, by objecting to oral testimony ; and an agreed statement of facts (if it can be considered a part of the

record ) which shows no objection to the consideration of oral evidence; does not sufficiently assert the right to the protection of the statute.

2. ———— : TAILOR'S BILL. Whether the statute of frauds is applicable as a defense in an action by a tailor, against a customer for refusing to take and pay for an overcoat ordered, *quære.*

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Francis A. Leach*, for plaintiff in error.

The finding of the court was contrary to the facts and the law, and the court therefore erred in overruling defendant's motion for a new trial. *Burrell v. Highleyman*, 33 Mo. App. 183, and cases therein cited; *Lee v. Griffin*, 1 B. & S. 272; *Cooke v. Millard*, 65 N. Y. 360; *Russell v. Railroad*, 39 Minn. 145; *Hardell v. McClure & Williams*, 2 Pinney, 289; *Prescott v. Locke*, 51 N. H. 94; *Bent v. Bailey*, 21 Minn. 403; *Atwater v. Hough*, 29 Conn. 508; Wood on Statute of Frauds, pp. 531, 552.

*Peak, Yeager & Ball*, for defendant in error.

(1) The plea of the statute of frauds was not interposed in any way by the defendant. To avail him as a defense, it must have been pleaded. *Donnelson v. Newman*, 9 Mo. App. 235; *Wickersham v. Jarvis*, 2 Mo. App. 279. (2) Even if it be claimed that under a general denial the statute need not be pleaded, yet objections must be made to the introduction of the proof and exceptions saved to its admission. The statute can only be taken advantage of either in this way or by pleading it. Defendant did neither. *Allen v. Richard*, 83 Mo. 55. (3) To say that the contract sued on is within the statute of frauds is contrary to the obvious meaning and intention of the statute itself, and against the overwhelming weight of authority in

the United States and in England.   *Donnell v. Hearn*,
12 Daly ( N. Y.) 522 ;  *Cooke v. Millard*, 65 N. Y. 352 ;
*Goddard v. Binney*, 115 Mass. 450 ;  *Finney v. Apgar*,
31 N. J. L. 266 ;  *Abbott v. Gilchrist*, 38 Me. 260 ;
*Crockett v. Scribner*, 64 Me. 447;  *Brown v. Allen*, 35
Iowa, 306 ;  *Cason v. Cheeley*, 6 Ga. 554 ;  *Reutch v.
Long*, 27 Md. 188 ;  *Meincke v. Falk*, 13 N. W. Rep.
545, s. c., 55 Wis. 427 ; 42 Am. Rep. 722 ;  *O'Neil v.
Mining Co.*, 3 Nev. 141 ;  *Gadsden v. Lance*, 1 McNall
Eq. ( S. C.) 90 ;  *Greene v. Brookins*, 23 Mich. 52 ;
*Wharton v. Car Foundry*, 1 Mo. App. 581 ;  THOMPSON
J. ( dissenting ) in  *Burrell v. Highleyman*, 33 Mo. App.
183, and cases cited ; 3 Parsons on Contracts [ 7 Ed.] 54.

ELLISON, J.—Plaintiff is a tailor.   The defendant
ordered an overcoat of him, leaving his measure and
directions as to material, style and finish of the coat.
Plaintiff did not make coats for general sale, but only
in cases where he was specially employed by an individ-
ual customer to make for him according to the special
order of the employer as to the material, style, finish
and price.   The coat was made according to order, and
defendant refused to take or pay for it.   The cause was
submitted on an agreed statement of facts, and the cir-
cuit court found for the plaintiff, and defendant appeals.
There was no bill of exceptions in the cause, and it is
brought here on writ of error.   It is disclosed by the
agreed statement of facts that no money was paid on the
contract, and no writing was signed by either party.
The sole defense is the statute of frauds.

Under the law of this state, as evidenced by
repeated adjudications, the statute of frauds is an
affirmative defense which must be interposed by the
party claiming its benefit.   That while a general denial
will be considered a sufficient plea to permit the claim
of the statute to be made on the trial, yet such claim
must be made.   As the statute can unquestionably be
waived, there must appear something to show that the

party seeking its protection has asserted the right at the trial. This is done by an objection to the oral testimony which may be offered as proof of the contract. *Allen v. Richard*, 83 Mo. 55.

It is, however, insisted here that the record shows the claim was made in the lower court, since the agreed statement of facts, which, it is asserted, is a part of the record, so shows. Conceding, but not deciding, that the agreed statement of facts, standing as a special verdict is a part of the record, the question is, does it show the statute was interposed ? We think not ; it, at most, would amount to no more than that a jury had found that a verbal contract was made from evidence submitted. It shows no objection to the consideration of such facts. We must conclude that no such objection was made, as none appears to have been interposed. The case of *Scharff v. Kleen*, 29 Mo. App. 549, was in all respects like this, except there was no agreed statement of facts, and the St. Louis Court of Appeals, in a very clear opinion by ROMBAUER, J., held that, while the general issue would be considered tendered as though pleaded, since the cause originated before a justice of the peace, yet the attention of the trial court should be distinctly called in some manner to the fact that the statute is relied upon as a defense ; and that this could not be done by instruction, after proof of the oral contract had been made without objection.

It may be as well to state, since the question was argued by counsel, that this court, in the case of *Pratt, Warner & Co. v. Heberling*, decided, in an opinion by GILL, J., October term, 1889, that the statute did not apply to a case of this kind, thereby ruling the point against the view of the appellant here ; and that we certified the cause to the supreme court as being contrary to *Burrell v. Highleyman*, 33 Mo. App. 183.

The judgment is affirmed. All concur.