H. P. CHURCHILL *et al.*, Appellants, v. F. J. LAMMERS, Respondent.

Kansas City Court of Appeals, January 14, 1895.

1. **Landlord and Tenant:** SURRENDER: EXCEPTIONS. A surrender is the yielding of the term to the reversioner or remainder man by mutual agreement, or by operation of law when the parties do some act which implies that they both agree to consider the surrender as made; it may be inferred from the circumstances, but there must be an acceptance, and the burden is on the tenant to show this.

2. ———: PAYMENT OF RENT. Nothing but a surrender, eviction or release will absolve a tenant from the payment of rent.

3. ———: FRAUDS AND PERJURIES: PLEADING: APPELLATE PRACTICE. Where the statute of frauds is not pleaded and no objection is made to the introduction of evidence showing a verbal surrender, the appellant can not raise the statute of frauds in this court.

4. ———: FRAUDS AND PERJURIES: SURRENDER. Surrender by operation of law is not within the statute of frauds and verbal evidence will justify a verdict.

5. ———: COTENANCY: JOINT ACTION. From the bare relation of cotenancy, the law does not imply authority in one tenant to bind another, but where, by the terms of the lease, the promise to pay is to the tenants jointly, the action is joint. Cases discussed.

6. ———: JOINT OBLIGEES: RELEASE. One of two obligees can release a joint obligation and where the cause of action is in favor of any number of cotenants, the action is joint and the release by one bars an action by the others.

7. ———: SURRENDER: ESTOPPEL: INSTRUCTION. Where the tenant, in good faith, relying upon what is said to him by the landlord, becomes obligated for the rent of another building and moves, the landlord is estopped to claim further rent and the application of this principle to the instructions and facts in this case finds that while the instruction was not quite accurate, it was harmless.

8. ———: ESTOPPEL: INSTRUCTION. Where the language of the landlord agreeing to a surrender of the term is plain and unambiguous, it is proper to refuse an instruction telling the jury that they could not find for the tenant, unless the landlord intended to have him act on it.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) The first instruction asked by defendant should not have been given. 2 Taylor's Landlord and Tenant, sec. 507; Freeman on Cotenancy and Partition, sec. 182. (2) This instruction standing alone, stripped of any reference to any agreement between plaintiff Brockett and the defendant, would have been correct, had there been any competent evidence upon which to base it. But in this case there was no such evidence and it was

clearly wrong to submit it to the jury. Because there was no surrender. A surrender of an unexpired term under a lease must be in writing. 2 Washburn on Real Property, p. 351; 2 R. S. secs. 5183, 5186. Because there was no evidence of an acceptance of possession by plaintiffs sufficient to take the question to the jury. (3) It is also perfectly clear that the turning over the keys to the cashier of the bank, in whose rooms Churchill had an office, is not a surrender as to defendant, nor an acceptance of the surrender or possession of the premises by the plaintiffs. *Prentiss v. Warne*, 10 Mo. 601; *Livermore v. Eddy*, 33 Mo. 551; *Buck v. Lewis*, 46 Mo. App. 231. (4) The second instruction given by the court for the defendant is clearly wrong. Because, if Brockett had been sole owner of the premises, there would be no estoppel under the evidence. Because, Brockett being a tenant in common, representations made by him alone could not be relied on in estoppel, unless in making them he was acting as the authorized agent of his cotenant. A surrender must be in writing. 2 Revised Statutes, 1889, secs. 5183-5186; *Mollett v. Brayne*, Campbell [2 Ed.], 103; Bigelow on Estoppel, p. 492; *Brightman v. Hicks*, 108 Mass. 246; *Langan v. Sankey*, 55 Iowa, 52; *Nally v. Redding*, 107 Mo. 350; *Starry v. Korab*, 65 Iowa, 269; *Turnipseed v. Hudson*, 50 Mich. 429; Freeman on Cotenancy and Partition [2 Ed.], 250, sec. 170.

*Peak & Ball* for respondent.

(1) The statute of frauds can not avail these plaintiff, even if applicable, because it was not pleaded or interposed by objection to the evidence. *Hobart v. Murray*, 54 Mo. App. 254; *Lammers v. McGeehan*, 43 Mo. App. 664; *Allen v. Richards*, 83 Mo. 55. (2) The statute of frauds has no application whatever to this

case, where the facts show an executed agreement and a surrender by operation of law. *Grimm v. Legge*, 8 B. & C. 324; *Amory v. Kunoffsky*, 117 Mass. 351; *Prentiss v. Warne*, 10 Mo. 604; *Huling v. Roll*, 43 Mo. App. 234, and cases cited. (3) An action on a lease entered into jointly must be brought by all the lessors, and one may discharge the whole obligation. *Clark v. Cable*, 21 Mo. 225; *Henry v. Mt. Pleasant Twp.*, 70 Mo. 500; *Bradly v. Boynton*, 22 Me. 287; *Hodges v. Heal*, 80 Me. 281; Coke, Lib., sec. 316; Freeman on Cotenancy and Partition, p. 239, sec. 179; 1 Wash., Real Property [5 Ed.], 699; *Decker v. Livingston*, 15 Johns. (N. Y.) 478. (4) A party is estopped to assert an intention contrary to the natural and necessary import of his words, which have been taken in their ordinary meaning, and in good faith acted upon. Bigelow on Estoppel [1 Ed.], 556.

SMITH, P. J.—The petition is in assumpsit on the promise contained in a lease to pay plaintiffs in advance a monthly rent of $225. The defenses interposed by the answer were, *first*, a surrender by operation of law, and *second*, an estoppel *in pais*. The replication was a general denial. There was a trial resulting in judgment for defendant, to reverse which, plaintiffs have appealed.

The appealing plaintiffs assail the judgment on the ground that the trial court erred in giving an instruction for the defendant, which told the jury "that if they find and believe from the evidence that it was agreed and understood between defendant and plaintiff Brockett, prior to the vacation of the building in question by defendant, that defendant might move out and surrender same at any time, and plaintiff would accept the same, and if in pursuance of such agreement defendant rented another store, and did move out of

the building of plaintiffs and surrendered to plaintiffs the possession thereof, and possession was accepted by plaintiffs, or by their authorized agent, such conduct and agreement would release defendant from further rent, and the verdict should be for defendant, and it makes no difference whether said premises were rented or occupied during the remainder of the term of said lease or not; and in determining whether the plaintiffs accepted the possession of said premises under said agreement, if you find such agreement was made, you should take into consideration all the fact, and circumstances proved in evidence.'' The question which we are required to decide, is whether this instruction asserts a correct proposition of law.

A surrender is defined in the elementary books and adjudged cases to be the yielding up of an estate for life or years to him that has the immediate reversion or remainder wherein the particular estate becomes extinct by mutual agreement between the parties. Coke on Littleton, 357b; Taylor on Landlord and Tenant, sec. 507; *Huling v. Roll*, 43 Mo. App. 234, and cases there cited. It differs from a release in that the latter operates by the greater estate descending upon the less, while a surrender, is the drowning of the less in the greater. A surrender, by operation of law, takes place when the parties, without express surrender, do some act which implies that they both agreed to consider the surrender as made.

It was decided by us in *Huling v. Roll*, *supra*, that to constitute a surrender, it was essential that the landlord consent to the lessees abandoning and giving up the possession of the premises with the intent to release the latter from his obligations under the lease. The rule of law is said to be now settled that any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume pos-

session of the demised premises, amounts to a surrender by operation of law. *Talbot v. Whipple*, 14 Allen, 177.

A surrender may be inferred from the circumstances and conduct of the parties evincing that they both agree to consider a surrender as made. *Huling v. Roll, supra*; *Beall v. White*, 94 N. S. 382; *Bedford v. Terhune*, 30 N. Y. 453.; *Fry v. Partridge*, 73 Ill. 51; *McGlynn v. Brock*, 111 Mass. 219. An acceptance of a surrender is essential to its completeness. *Mitchell v. Blossom*, 24 Mo. App. 48; *Thomas v. Cox*, 6 Mo. 506; *Bacon v. Brown*, 9 Conn. 339; *Bouroughs v. Clancey*, 53 Ill. 30. And the burden of showing this rests on the tenant, but this, like a surrender, may be shown by the circumstances and conduct of the parties.

And in *Huling v. Roll*, it was further held, on authority of *Dye v. Wightman*, 66 Pa. St. 425, and *Foster v. Melliken*, 8 Bar. 111, that nothing but a surrender, or eviction, or release, will absolve a tenant from the payment of rent. If the facts assumed in defendant's said instruction were found by the jury, the defendant was discharged, and the jury should have, as they did, so found.

But the plaintiffs contend that the following colloquy between defendant and plaintiff Brockett, as testified to by the former, and to the effect that, "I told Mr. Brockett, 'there is a lot more of nuisance upstairs,' and he said, 'if the place dont suit you, get out; I can rent that building any time;' I says, 'all right; I can get a place on Main street, all right, I guess; I can get a place on Main street;' he says, 'go ahead and do it;' " so far as it is relied on as evidence evincing an agreement for a surrender and acceptance of the premises, was improper, because within the prohibition of the statute of frauds. But by reference to the record it is found that the plaintiffs did not plead the statute, nor object to the introduction of the evidence

at the proper time, so that this objection is not available here. *Lammers v. McGeehan*, 43 Mo. App. 664; *Hobart v. Murray*, 54 Mo. App. 254; *Allen v. Richards*, 83 Mo. 55.

As will be seen by reference to Gear on Landlord and Tenant, section 192, notes 17 and 20, in many instances a surrender by operation of law is not within the statute of frauds, though it be by parol. So, too, it has been held that evidence of a verbal surrender and acceptance of a written lease is sufficient to justify a verdict on that ground. *Dodd v. Acklom*, 6 Man. & G. 670; *Amory v. Kannofsky*, 117 Mass. 35; *Hauham v. Sherman*, 114 Mass. 19; *Talbot v. Whipple*, 14 Allen, 177; *Dills v. Stobie* 81 Ill. 202. The sayings of both Brockett and the defendant in the colloquy which the evidence tends to prove were verbal acts of theirs and, like other acts and circumstances in evidence, were proper matters for the consideration of the jury in determining whether there was a surrender by defendant and acceptance by plaintiffs of the premises, and on this ground were clearly admissible.

Plaintiffs' further contention is that, even if this be true, since the plaintiffs were tenants in common, evidence tending to show a surrender and acceptance by Brockett could not bind his companion, the other plaintiff. It is true that, from the bare relation of cotenancy, the law does not imply authority in one of the tenants to bind the other to his prejudice. *Dodd & Davis v. Acklom*, 6 Man. & G. 671; Freeman on Cotenancy and Part., sec. 188. While this is so, there are other principles which are not to be overlooked in this connection, and to which we shall presently refer.

Defendant, by the terms of a clause in the lease, promised to pay plaintiffs jointly, a certain monthly sum for rent. The action is a joint one of *indebitatus*

*assumpsit*, based on this promise. The words of the clause are sufficient to create a privity of contract between the parties and to enable the plaintiffs to maintain that form of action. Wood's Landlord and Tenant, sec. 551; Taylor's L. and T., secs. 555, 635. It is not an action of covenant (Taylor L. and T., sec. 670), but whether it be debt or covenant, it is strictly personal. Taylor, L. and T., sec. 625. In 1 Thomas' Coke, page 610, section 316, 198*b*, it is stated that, "If two tenants in common make a lease for a term of years, rendering them a certain rent yearly during the term, if the rent be behind, the tenants in common shall have an action of debt against the lessee, and not divers actions, *for that action is in the personality.*" And this statement of the law is quoted with approval in *Dicker v. Livingstone,* 15 Johnson (N. Y.), 478. The rule is elementary that, if tenants in common make a joint demise of their common estate, as in the present case, receiving rent, the action to recover it must be joint. 1 Washburn on Real Property [5 Ed.], 699; Thomas' Coke, sec. 316, *supra. Weinstine v. Harrison,* 66 Texas, 546, was an action by joint tenants to recover rent. The suit was by one of the tenants. It was held that one tenant in common, or joint tenant, can not maintain a suit for rent, when the contract is joint and the rent is to be paid to them jointly. And a similar ruling was made in *Dorsett v. Gray,* 98 Indiana, 273; and in *Griffin v. Clark,* 33 Barbour, 46.

*Wall v. Hind,* 4 Gray, 256, was a case where the original agreement was to pay rent to two lessors jointly. To this was annexed a memorandum, in which it was stipulated that one half of the rent should be paid to each of the lessors separately. The court declared that the effect of the memorandum was not to abrogate that covenant of the lease to pay the rent to the lessors jointly, but only to regulate the mode of

payment, etc. Instead of performing his agreement by payment or tender of the whole rent to one of the joint lessors, as he might well do in the absence of a special agreement, he was required to pay a moiety to each. But this does not make the previous covenant several, so as to change the remedy of the lessors for its breach to separate actions. In *Powers v. Smith*, 5 B. & A. 279, it was declared that it is clear that, if there be a joint lease, by two tenants in common, receiving an entire rent, the two may join in an action to recover the same. In *Clark v. Cable*, 21 Mo. 223, it was decided that if an obligation is executed to two jointly, they must both sue on it. One of them, without the concurrence of the other, can not maintain an action on it. As far as we have been able to discover, we do not find that the law affords any different remedy on an agreement to pay rent to two joint tenants, if the rent is behind, than it does on strictly personal obligations executed to two jointly, other than for rent. There can be no solid ground of distinction made.

This brings us to the consideration of the question, whether plaintiff Brockett could release the defendant, and if so, what would be the effect of such release. It has been settled for a long time in this state, that one of two joint obligees can release a joint obligation. It is an infirmity attached to the contract from its nature. The co-obligee can not complain, as it was his own act to enter into a contract with another who would have the right to control it. *Clark v. Cable*, 21 Mo. 225; *Rainey v. Smizer*, 28 Mo. 310; *Henry v. Mt. Pleasant Township*, 70 Mo. 500; *Cross v. Williams*, 72 Mo. 577; *Ryan v. Riddle*, 78 Mo. 521; *Bush v. Hauessler*, 26 Mo. App. 265. And this principle has been applied in cases of this kind thus: it was ruled in *Sherman v. Ballou*, 8 Cowen, 304, that a discharge of rent by some of the

tenants in common, would bar an action to recover the same by the others. In *Bradley v. Boynton*, 22 Maine, 287, it was declared that the right to release the action arises out of the right to control and discharge the ground of action. And if the cause of action may be released after action brought, it may be after it has arisen *and before that time*. And of like effect is *Hodges v. Heal*, 80 Maine, 281.

The general rule sanctioned, at least, by all the early and most of the late authorities, is that, whenever the cause of action existing in favor of any number of co-tenants, is joint, *the release by one bars an action by the others*. Freeman on Cotenancy and Partition, sec. 179. While from the bare relation of cotenancy the law does not imply authority of one of the cotenants to bind the other to his prejudice, yet he may release, or otherwise discharge an obligation in favor of them jointly, so as to bar an action therein by the other. And this because, as we have seen, such an action can only be jointly maintained. If one of the cotenants disables and disentitles himself to sue on the joint obligation, the other is, in consequence thereof, barred of his action. A several action does not lie in favor of the tenant who did not concur in the act which disabled and disentitled his companion to sue.

So it follows from these considerations that defendant's instruction already quoted was correct in theory. If the facts there hypothetically stated were found by the jury, then plaintiffs were not entitled to recover, for, according to the authorities, the release by Brockett of the defendant from his obligation to pay the rent, would have the effect to bar a joint recovery by Brockett and Churchill. If the obligation to pay rent was discharged, as to Brockett, the effect of this was to bar the right of Churchill, the other plaintiff, in either a joint or several action. This instruction

required the jury to find that *the plaintiffs* accepted the surrender. This was going further than was necessary. It was sufficient that they found that Brockett, one of them, accepted it. If this was error, it was not injurious to plaintiffs.

We are of the further opinion that if the defendant, in good faith, relying upon what was said to him by Brockett in the colloquy between them, became obligated for the rent of another building, and did remove thereto, and that he would not have rented and removed into such other building but for what Brockett said to him, Brockett ought to be estopped to claim further rent, upon the principle that a party is estopped to assert an intention contrary to the natural and necessary import of his words, which have been taken in their ordinary meaning, and in good faith acted upon. *Cornish v. Abington*, 4 Hurl. and N. 549.

It appears that the defendant's second instruction, declaring this rule, told the jury that, if they found the facts it mentions, this would constitute an estoppel as to both of the plaintiffs. This is not quite accurate. Brockett could not bind Churchill without the latter's concurrence, so as to work an estoppel in favor of defendant, if Churchill could maintain a separate action for his moiety of the rent. But while this is so, yet, if Brockett discharged the defendant, or did that which estops him to claim the rent, so that he can not maintain a suit therefor, when joined with Churchill, the effect of this would be to bar the action as to Churchill, since if one of the joint tenants is disabled or disentitled for any cause to sue for the recovery of the rent, the other can not have his separate action therefor. They must both stand or fall together in an action by them for the rent. The failure of the one bars a recovery by the other. So that, while the defendant's second

instruction was not quite accurate in enunciation, the inaccuracy was harmless to plaintiff.

The second instruction requested by the plaintiff and refused by the court, which directed the jury to effect that, even though they believed that Brocket told defendant that he could remove from the demised premises, they must find for the plaintiff, unless they further found that Brockett intended to have defendant act upon the former's permission, was rightly refused. The language of Brockett was plain and unambiguous. It could have but one meaning and evince but one intention. It could not be cut down from its proper and natural import. It was such as would lead a man of prudence to the action taken. There was nothing in the words of Brockett or in the circumstances surrounding the speaking of them, that implied that he did not intend to have defendant act upon the permission they gave.

We perceive no error prejudicial to the plaintiffs in the action of the court in giving or refusal of instrucions, nor in any other respect, so that we must affirm the judgment, which is, accordingly, ordered. All concur.