SANDER, Respondent, v. HOLSTEIN COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, April 10, 1906.

1. **LANDLORD AND TENANT: Notice to Quit: Waiver.** In an action by the landlord for rent of premises vacated by the defendant, the evidence is examined and held the landlord did not waive the necessity of written notice by the tenant to terminate the tenancy.

2. ————: **Taking Possession by Landlord of Vacated Premises: Intention.** In an action for rent of premises vacated by the tenant, where the landlord entered the premises and stored some merchandise there, whether he was entitled to recover for rent after that depended upon whether he intended by such act to take possession and release the tenant from further liability, and it was properly left to the jury to determine what his intention was.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Bass & Brock* for appellant.

The court erred in giving to the jury of his own motion for both plaintiff and defendant instruction marked C-2. Vegely v. Robinson, 20 Mo. App. 199; Mathews, Admr., v. Tobener, 39 Mo. 115; Buck v. Lewis, 46 Mo. App. 227; Livermore v. Eddy, 33 Mo. 547; Duffy v. Day, 42 Mo. App. 638; Witte v. Quin, 38 Mo. App. 681; Harrison v. Russell, 75 Mo. App. 113; Schnisler v. Ames, 16 Ala. 73; Mackellar v. Sigler, 47 How. Pr. 20; Fitch v. Sargeant, 1 Ohio (Han.) 352; Randall v. Rich, 11 Mass. 493; Carson v. Arvants, 10 Col. App. 388; Lafferty v. Hawes, 63 Minn. 13; Bird v. Defonville, 2 C. & K. 415; Rice v. Dudley, 65 Ala. 68; Calhoun v. Achison, 4 Bush (Ky.) 261; Day v. Watson, 8 Mich. 535; Shahan v. Hertzberg, 73 Ala. 59; Colville v. Miles, 45 Hun 236; Kneeland v. Schmidt, 78 Wis. 345; Belamy v. Smith, 4 Houst. (Del.) 113; Tiley v. Moyers, 43 Pa. St. 404; Day v. Watson, 8 Mich. 535; Briggs v. Thompson, 9 Pa. St. 338; Hegeman v. McArthur, 1 E. D. Smith (N. Y.) 141; Graham v. Anderson, 3 Harr. Del. 364.

*Chas W. Holtcamp* and *Henry A. Baker* for respondent.

(1) Respondent did not waive his right to a written notice of the termination of the tenancy in question by appellant. (2) Respondent did not acquiesce in appellant's abandonment of the premises in question, nor was there, under the circumstances of this case, a constructive eviction of appellant. Buck v. Lewis, 46 Mo. App. 231 and 232; Huling v. Roll, 43 Mo. App. 243.

BLAND, P. J.—In September, 1903, the defendant (a corporation) was a tenant of the plaintiff from month to month occupying a store room, known as 807 and 809 North Third street, city of St. Louis, at a rental of one hundred and twenty-five dollars per month. About September twenty-fifth or twenty-sixth, defendant's secretary asked the plaintiff to reduce the rent. Plaintiff refused to reduce the rent, and the secretary said, "We will have to look for some other place." Plaintiff replied, "if that is your intention, I cannot hold you." A few days later, but before the end of the month, plaintiff told defendant's officers that if it was their intention to move to give him written notice. The answer to this request was, "It is not necessary." Plaintiff replied, "We have got to have one, it is the law." Plaintiff testified that he made a demand on defendant's officers for written notice of defendant's intention to quit on several occasions before the end of September. On September thirtieth, defendant vacated the premises, and on October third served plaintiff with a written notice of its intention to vacate on and after September thirtieth. On the day defendant moved, it made an effort to deliver the keys to plaintiff but did not succeed in finding him. This was on Saturday. On the following Monday morning one of defendant's officers offered to deliver the keys to plaintiff at his place of business. Plaintiff refused to receive the keys and they were left in plaintiff's store.

The court properly refused to instruct on the theory that plaintiff had waived the necessity of a written notice to terminate the tenancy. The evidence not only fails to show a waiver of necessity of written notice, but on the contrary is all one way that plaintiff demanded of defendant a written notice of its intention to quit at the end of September, if such was it real purpose.

2. The plaintiff was in the commission business and occupied a storeroom (No. 805) adjoining the store occupied by defendant. The two rooms were separated by a solid wall with no opening from one into the other.

Plaintiff testified that on the fifteenth of October, he unlocked the door of the storeroom defendant had vacated, which opened on the sidewalk, and placed in it a lot of chicken coops and from twenty-five to thirty barrels of apples, and that thereafter he continued to use the room for storing chicken coops, barrels of apples and Christmas trees. Defendant's evidence is that plaintiff had chicken coops and apple barrels in the room as early as October tenth. On this branch of the case, the court instructed the jury as follows:

"The court further instructs you that although you find and believe from the evidence that on October thirty-first, 1903, defendant vacated the premises and abandoned the same and that plaintiff refused to accept the keys to said premises on November 2, 1903, and that defendant's officers or agents left the keys in plaintiff's place of business, and that plaintiff thereafter took said keys so left and used said premises, yet this will not preclude plaintiff from recovering the rental, unless you believe from the evidence that plaintiff took possession of said premises with the intention and purpose of releasing defendant from further liability on account of the rent."

Under the evidence, I do not think the plaintiff's intention in occupying the premises is controlling or that it has any bearing whatever on the issue of the termination of the tenancy prior to the end of the month of October, for the reason, in my opinion, plaintiff's acts and conduct in occupying the premises, for the purpose of storing merchandise he had on hand for sale, amounted to a constructive eviction of defendant and precludes plaintiff from recovering rent after he took possession of the storeroom. The question of intention, in such circumstances can only arise where the landlord exercises such dominion over the vacated premises as may be consistent with the continuation of the tenancy. Thus, a landlord may enter the vacated premises for the purpose of guarding and protecting them from a threatened injury or to prevent waste, to abate a nuisance, or to make

such repairs as would not interfere with the occupancy of the absent tenant, if he should return, but where, as in the case of a dwelling, the landlord moves his own family into the premises, or puts another family in possession thereof, or makes repairs with a view of obtaining a higher rent, or where as in this case, the vacated premises is a storeroom, he moves his own merchandise into the room and continues to occupy it for his own convenience and profit, such occupancy is inconsistent with the notion that he is not holding possession of the premises in his own right and adversely to the former tenant. [Duffy v. Day, 42 Mo. App. 638.]

The verdict and judgment were for a full month's rent. I do not think the plaintiff was entitled to recover rent for the part of the month he occupied the premises. But my associates, on the authority of Livermore & Cooley v. Eddy's Admr., 33 Mo. 547; Prior v. Kiso, 81 Mo. 241; Huling v. Roll, 43 Mo. App. 234; Churchill v. Lammers, 60 Mo. App. 244; Gerhart Realty Co. v. Brecht, 109 Mo. App. 25, 84 S. W. 216, are of the opinion that plaintiff's intention, in taking possession of the premises, was a question of fact for the jury to determine, and that the instruction, supra, properly declared the law, and that the judgment should be affirmed. The judgment is therefore affirmed.