Arthur B. Mulvey et al., Appellants, v. James A. Charter, Appellee.

## Gen. No. 16,459.

1. LANDLORD AND TENANT—*joint lessor may accept surrender.* Where a lease is made by joint lessors and the rent reserved to them jointly, a surrender may be made to one only.

2. LANDLORD AND TENANT—*what constitutes a surrender.* A surrender may be inferred where there is change of possession from the circumstances and conduct of the parties evincing that they both agree to consider a surrender as made, and where there has been a change of possession with the assent of both parties, it amounts to a surrender of the term by act and operation of law.

3. LANDLORD AND TENANT—*accepting rent from a new tenant as a surrender.* Where a lease is made by joint lessors and one of them tells the lessee to allow a new tenant to move in and to turn the keys over to him, which is done, and rent is accepted from such new tenant, a jury may find that a surrender was made.

4. LANDLORD AND TENANT—*evidence of authority to accept surrender.* Where a lease is made by joint lessors and one of them, having charge of the renting and repairs, makes an agreement with the old tenant in regard to a surrender and accepts a new tenant, collects rent from him and receives applications for repairs, a jury

may find that he had authority to act and did act for the other joint lessors in accepting the surrender.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. ·Heard in this court at the March term, 1910. Affirmed. Opinion filed November 18, 1912.

**Statement by the Court.** The plaintiffs, Arthur B. Mulvey, Richard J. Mulvey and Julia F. M. Armstrong, owned jointly a dwelling house in Chicago. They joined in a lease of said dwelling to defendant Charter for a term beginning April 1, 1903, and ending April 1, 1906. The defendant occupied the house and paid the rent up to March 31, 1904. The evidence showed that about March 31, 1904, Arthur B. Mulvey accepted from defendant a surrender of the term and told defendant to allow a Mr. Bicket to move in and to turn the keys over to him. Pursuant to the agreement defendant moved out and Bicket moved into the house and paid the rent up to August 31, 1905. Plaintiffs brought suit to recover the rent under the lease to defendant for the months of September, October and November, 1905. There was a judgment of *nil capiat* and the plaintiffs appealed.

A. B. MULVEY, for appellants.

HOBART P. YOUNG, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The lease was made by joint lessors and the rent reserved to them jointly, and in such case a surrender may be made to one only, as one of such lessors could discharge the rent. 18 Am. & Eng. Ency. of Law, 356. A surrender may be inferred where there is a change of possession from the circumstances and conduct of the parties evincing that they both agree to consider a surrender as made. Where there has been a change of possession, with the assent of both parties, it

amounts to a surrender of the term by act and operation of law. From the evidence the jury might properly find that a surrender was made to Arthur B. Mulvey, and such surrender is a bar to the action. Churchill v. Lammers, 60 Mo. App. 244. The jury might also from the evidence properly find that Arthur B. Mulvey had authority to act for and did act for the other joint lessors in accepting the surrender of the term and possession of the premises. He had charge of the renting and repairs of the premises and with him Charter made the agreement in regard to the surrender; he accepted Bicket as a tenant in place of Charter and collected rent from him for a year and some months, and the applications of Bicket for repairs were made to him. Dodd v. Acklon, 6 Man. & Granger, 673; 46 En. Com. Law, 671.

We see no reason for disturbing the judgment, and it is accordingly affirmed.

*Affirmed.*