## PRENTISS vs. WARNE.

1. Removal by a tenant and giving the key to the landlord, before the expiration of the term, does not, by operation of law, amount to a surrender of the term.

2. Where a tenancy is thus determined before the term is ended, the tenant is liable for the rent.

## APPEAL from St. Louis Court of Common Pleas.

HAIGHT & SMITH, *for Appellant, insist:*

1. The tenant removing and giving the key to the landlord, amounts to a surrender, by operation of law. Chitty on Contracts, 2nd Ed., 329; Grimman vs. Legge, 8 Barnwell & C., 324; Whitehead vs. Clifford, 5th Taun., 518.

2. Where a tenancy. is thus determined in the middle of a quarter, whilst the rent is current, the tenant (without express agreement) is not liable for a proportion of the current quarter's rent, from the preceding quarter day to the day of quitting. Chitty on Contracts, 330; Hull vs. Burgess, 5 Barn. & Cres., 332; Grimman vs. Legge, supra; Yule vs. Yule, 24 Wend., 76; Randall vs. Rich, 11 Mass., 494, ib. 488.

This transaction was with Bredell, the original landlord. It will be remembered, Warne had no interest in the premises, except his liability to pay rent. The transaction between Bredell and Holm discharged Warne, and put an end to the lease. This falls within the principle that a payment to the original landlord is a good payment and will discharge the tenant. Chitty on Contracts, 335; 4th Durn. & East., 511.

PRIMM, *for Appellee, insist:*

1. The lease from Warne to Prentiss was not a constructive surrender by Warne to Bredell.— It was not an assignment of Warne's term, because Bredell, long after, acted as the agent of Warne in the receipt of rents, and with knowledge of the lease to Prentiss, and assent thereto..

2. The correctness of the legal position assumed in the second point made by appellant, is not denied; but, unfortunately for him, he is unsustained by the testimony. Warne did not dispossess Holm; he knew nothing of him.

McBRIDE, J., *delivered the opinion of the Court.*

This. was an action of *assumpsit* brought in the Court of Common Pleas of St. Louis county, by Warne against Prentiss. The declaration contains several counts; the first averred a special contract for the leasing of a tenement for two years and three months, at annual rent of $1,000, to be paid quarterly, &c.; the second for use and occupation.

The pleas were *non-assumpsit*, set-off and payment, upon which issues were taken and a trial was had, which resulted in a verdict for the plaintiff, with the assessment of damages, and a judgment thereon. The defendant filed a motion for a new trial, because the verdict was against evidence, the damages assessed are excessive, and the court erred in refusing the defendant's instructions. His motion was overruled by the court, to which he excepted, and brings the case here by appeal.

The bill of exceptions shows, that on the trial in the court below, the following facts were elicited:

On the 12th October, 1840, Edward Bredell leased to Thomas S. Warne a storehouse and cellar, situate on Main street in the city of St. Louis, for the term of three years, at the yearly rent of $1000, payable quarterly. That if the rent was not punctually paid, or paid within twenty days after due, the failure should operate a forfeiture of the lease; and that the premises were not to be occupied as a drug store or a grocery, or underleased without the written consent of Bredell.

On the 12th July, 1841, with the consent of Bredell, Warne under-leased to Russell Prentiss, for the term of two years and three months, the same premises, and upon the terms and restrictions contained in the contract between Bredell and Warne. Prentiss took possession and occupied for three months—that is, from the 12th July, 1841, to 12th October, 1841—and paid the rent to Bredell, as the agent for Warne.

On the 12th October, 1841, Prentiss leased the premises, by verbal agreement, to John G. Holm, who went into possession and who paid the accruing rent, up to the 12th April, 1842, to Bredell, as the agent of Warne. That about the 1st October, 1842, Holm had a conversation with Bredell concerning the occupancy of the house, when Bredell proposed to lease him the house at $800 per annum, provided Holm would take a lease from him at that rent, for a year or more, but he declined giving that sum, and offered $600, which Bredell refused to take, and requested Holm to quit the possession, and directed him where to leave the key of the house, which he did.

After the conversation between Bredell and Holm, the former leased the premises to Guild & Dorwart, who, previous to 12th October, 1842, commenced moving a few things into the store, and their rent commenced on the 12th October, 1842.

The defendant moved for the following instructions to the jury, to-wit:

1. "That if the jury believe from the testimony that one Edward Bredell leased the house and lot to Warne, for a certain length of time mentioned in said lease, and that before the expiration of said lease, Warne leased the premises to Prentiss, with Bredell's consent, for the whole of the remaining portion of the term, and Bredell received rent of Prentiss, it was an assignment of Warne's whole estate to Prentiss, and that the relation of landlord and tenant did not exist between plaintiff and defendant, and this action cannot be maintained under the pleadings and proofs therein.

2. If the jury find that there was a surrender prior to the end of the quarter ending 12th October, 1842, the defendant is not liable for the current quarter, or for any rent after 12th July, 1842.

3. Warne having leased for three years, if it appear that he transferred the whole of his term to Prentiss, and if it appear, further, that before the expiration of the term, Bredell assumed the control of the premises and put a tenant in possession, no rent can be recovered from Prentiss after Bredell put such other tenant in possession." The court refused to give said instructions; the defendant excepted, and has brought the case here and seeks to reverse the judgment. The grounds assumed

by the plaintiff in error are, that "the removing and giving the key to the landlord amounts to a surrender, by operation of law. Where a tenancy is thus determined in the middle of a quarter, whilst the rent is current, the tenant (without express agreement) is not liable for a proportion of the current quarter's rent, from the preceding quarter day to the day of quitting."

In support of the first of the foregoing propositions, we are referred to the case of Grimman vs. Legge, 8 Barn. & Cres., 324, where it is said that A demised to B the first and second floor of a house for a year, at a rent payable quarterly. During a current quarter, some dispute arising between the parties, B told A that she would quit immediately. The latter answered that she might go when she pleased. B quitted, and A accepted possession of the premises; and it was held that A could neither recover the rent, which, by virtue of the original contract, would have become due at the expiration of the current quarter, nor rent *pro rata* for the actual occupation of the premises for any period short of the quarter. Here was an agreement between the parties to rescind the contract, and as the rent did not fall due until the termination of the quarter, the right to recover the rent, according to the contract, was destroyed, and no recovery could therefore be had.

The next case referred to is in 5 Taun., 518, *Whitehead* vs. *Clifford*, and is a case where the landlord, in the middle of a quarter, accepted from his tenant the key of the house demised, under a parol agreement that upon her then giving up the possession, the rent should cease; and she never afterwards occupied the premises, it was adjudged that the plaintiff could not recover.

Both of the foregoing cases come short of sustaining the proposition that the removal of the tenant and the giving the key to the landlord amounts to a surrender by operation of law. On the contrary, the law permits the parties to make their own contracts, and where they stipulate in express terms that the abandonment of the premises and delivery of the key shall be a surrender, their agreement is enforced.

The second proposition being founded upon the first, and the first not sustained by the authorities, the court correctly refused to declare it to be law.

The judgment of the Court of Common Pleas ought to be affirmed, and the other Judges concurring, the same is affirmed.