Huling v. Roll.

---

GEORGE D. HULING *et al.*, Appellants, v. HENRY C. ROLL *et al.*, Respondents.

Kansas City Court of Appeals, January 5, 1891.

1. **Landlord and Tenant**: WHAT CONSTITUTES A SURRENDER : CONVICTION. Surrender of a lease may be by mutual agreement of the parties or by operation of law, when the parties without express surrender do some act which implies that they have both agreed to consider the surrender as made, as where the lessee abandons the premises with the intention of surrendering and the lessor takes possession with the intent of releasing the lessee from the payment of the rent, and, holding against the interest of the tenant, leases the premises for a term exceeding the remainder of the lessee's term ; and such facts conclusively show an eviction as well.

Huling v. Roll.

2. ———: PLEADING: COMMON LAW: CODE: EVICTION. Under the system of pleading as it existed at common law, eviction must be especially pleaded in covenant, but under the code it would seem that, if the facts are pleaded from which eviction can be inferred, the plea will be sufficient.

3. ———: SURRENDER: EVIDENCE: PARTNERSHIP. When a surrender was accomplished and the parties estopped to dispute it, one partner, after dissolution, could not revive the obligations of the covenant of all the members, and testimony of his offer to do so is immaterial and inadmissible in evidence.

*Appeal from the Jackson Circuit Court.*—HON. JAS. GIBSON, Judge.

AFFIRMED.

*Albert Young*, for appellants.

( 1 ) There was no plea of surrender in this case. Defendants' answer was a simple allegation of abandonment without any allegation of acceptance by plaintiffs of the premises in discharge of his covenant in the lease to pay the rent for the unexpired term. *Thomas v. Cox*, 6 Mo. 506; *Livermore v. Eddy*, 33 Mo. 547; *Kerr v. Clark*, 19 Mo. 132. ( 2 ) By the uniform decision of the supreme court of Missouri it is held that, to constitute a surrender or rescission of a contract of lease, there must be an express mutual agreement between the parties, and that such acts as a removal of the tenant before the end of his term and delivering key to landlord, and landlord proceeding to repair and use the premises, would not in the absence of an agreement to acquit the rent constitute a surrender. *Prentiss v. Warne*, 10 Mo. 601; *Kerr v. Clark*, 19 Mo. 132; *Livermore v. Eddy*, 33 Mo. 547; *Goodfellow v. Noble*, 25 Mo. 60; *Quinette v. Carpenter*, 35 Mo. 502. The same doctrine prevails in other states. *Laughrin v. Smith*, 75 N. Y. 206; *Breuckmann v. Twibill*, 89 Pa. W. 58; *Milling v. Becker*, 96 Pa. St. 182; *Aver v. Penn*, 99 Pa. St. 370; *Withers v. Larrabee*, 48 Pa. St. 570; *Meyer v. Smith*, 33 Ark. 627;

*Ballou v. Carton,* Supt. Ct. N. Y., 8 N. Y. Supplement, 15; *Winant v. Hines,* 6 N. Y. St. Rep. 261; *Beall v. White,* 94 W. S. 399; *Bedford v. Terhune,* 30 N. Y. 463. (3) There is no plea of eviction in defendants' answer, and the facts and matters in evidence are not sufficient to authorize a submission of that question to the jury as was done in the court's instructions. In an action upon a covenant for rent, eviction must be specially pleaded. (4) That there was no surrender of this lease or discharge of defendants from its obligations is conclusively shown by the uncontradicted testimony of Mr. Huling that Mr. Williams, one of the defendant firm while endeavoring to get a settlement from their creditors, came to Mr. Huling, and asked if he would release the firm by the payment of $1,000. The admission of any one of the firm after the assignment as to discharging them from the obligations of this lease was competent. The general rule is not changed. The lease in question was an unfilled, continuing contract, so that each partner had the power after dissolution to carry out or discharge such contract, and the other partners are bound by this act in so doing. No new liability is created. 2 Bates Law of Partnership, secs. 679–707; *Tutt v. Cloney,* 62 Mo. 116.

*Warner, Dean & Hagerman,* for respondents.

(1) The abandonment of the building by the defendants after January 1, 1887, and the taking of possession by the plaintiffs and leasing it to Barton Bros. for a period of five years without consulting the defendants, clearly work a surrender by operation of law. Wood on Landlord & Tenant, secs. 492, 497, pp. 832, 841–842; Taylor on Landlord & Tenant, sec. 515; *Mackellar v. Sigler,* 47 How. Prac. (N. Y.) 20; *Talbott v. Whipple,* 14 Allen, 177; *Ball v. White,* 94 U. S. 389; *Randall v. Rich,* 11 Mass. 494; *Kerr v. Clark,* 19 Mo. 134; *Clemens v. Broomfield,* 19 Mo. 118;

*Matthews' Adm'r v. Tobener,* 39 Mo. 597; *Hutchinson v. Jones,* 79 Mo. 500; *Prior v. Kiso,* 81 Mo. 248; *Emyeart v. Davis,* 17 Neb. 228; *Smith v. Niver & Rockfeller,* 2 Barb. 180; *Whitney v. Myers,* 1 Duer, 266; 1 Washburn on Real Prop. [5 Ed.] p. 582. (2) Where the facts are all admitted upon the record, the appellate court must pass upon their legal effect. It is only when they are disputed, and when there is evidence tending to sustain the claim of each party, that the losing one is concluded by the finding of the trial court. *Gambs, Adm'r, v. Ins. Co.,* 50 Mo. 44. (3) Even if erroneous instructions are given, if the verdict be the only one that could have been found consistent with the evidence, the judgment will be affirmed. *Fitzgerald v. Baker,* 96 Mo. 661; *Bassett v. Glover,* 31 Mo. App. 150.

SMITH, P. J.—The facts, as we glean them from the evidence, are that the plaintiffs leased to defendants their five-story building in Kansas City, by a written lease containing the usual covenants, for the period of seven years from the first day of January, 1883; that the defendants took possession of the building under this lease and continued to pay the stipulated amount of rent until January 1, 1887, a short time after their failure in business, which occurred on December 16, 1886. It further appears that the plaintiffs, some time in the month of January, 1887, after the failure of the defendants and shortly after the defendants' refusal to pay rent for the month of January, concluding that the defendants had abandoned the building and their lease upon it, took possession of the building, and, without consulting the defendants, set to work to rent it, putting it into the hands of as many as half a dozen real-estate agents for that purpose, and on the first day of February, 1887, after making several costly alterations and repairs upon the building, leased it, by written lease, to Barton Bros. for the period of five years

from the first of February, 1887, over two years beyond the term of the defendants. A number of instructions were given and refused, but which it is deemed unnecessary to set forth here at length in order to understand the questions presented for our decision.

The defendants had judgment, and the plaintiffs appeal.

I. The first proposition of the appealing plaintiffs assailing the judgment is, that "there was no plea of surrender in this case." Defendants' answer was a simple allegation of abandonment without any allegation of acceptance by plaintiffs of the premises in discharge of his covenant in the lease to pay the rent for the unexpired term. Besides there was an express covenant in the lease " that, in default of the payment of any installment of rent for thirty days after the same becomes due, they will at the request of said George D. and Lucy E. Huling quit and render to them the peaceable possession thereof, *but for this cause*, the obligation to pay shall not cease." Plaintiffs' instruction C to find for the plaintiffs under the pleadings and evidence should have been given. The answer admitted that defendants on January 1, 1887, vacated and abandoned the premises, and alleged that about that date the plaintiffs took possession of said premises, and leased the same to the Bartons for a period of five years.

The law is well settled, by both the text-writers and decided cases, that a surrender is the yielding up the estate to the landlord so that the leasehold interest becomes extinct by the mutual agreement between the parties. It is either in express words, by which the lessee manifests his intention of yielding up his interest in the premises, or by operation of law, when the parties without express surrender do some act which implies that they have both agreed to consider the surrender as made. Taylor on Landlord & Ten. [ 6 Ed.] 392 ; Woods on Landlord & Ten., secs. 492-497 ; *Ball v.*

*White,* 94 U. S. 382; *Mackellar v. Sigler,* 47 H. Pr. (N. Y.) 20; *Emyeart v. Davis,* 17 Neb. 228; *Schuffeler v. Carpenter,* 15 Wend. 404; *Fields v. Mills,* 38 N. J. 259. It is clear the answer does not set up a surrender by the express words of the parties; but are not the acts pleaded such, by operation of law, as to imply that the parties have both agreed to consider the surrender as made? Do the acts pleaded constitute a surrender by operation of law? Such a surrender arises when the owner of a particular estate has been a party to some act, the validity of which he is by law afterwards estopped from disputing, and which would not be valid if his particular estate continued. In *Kerr v. Clark,* 19 Mo. 132, it is said: "The actual change of possession from the lessee to another tenant and the acceptance of rent from him by the landlord, operates a surrender, so it has been said that an actual change of possession, by mutual consent of the landlord and tenant, will amount to a surrender of the term by operation of law. But it is evident, that to effect such surrender, there must be the consent of all the parties, and this consent may be shown by the acts of the landlord and tenant, which conclude them on the question of consent."

In *Clemens v. Brownfield,* 19 Mo. 118, it is said: "A surrender by operation of law takes place when, by consent of both parties, another person becomes a tenant of the premises, and the landlord collects rent from him." In *Matthews' Adm'r v. Tobener,* 39 Mo. 115, it is said: "What will amount to a surrender is often a question which may be presumed from facts. An actual and continued change of possession by the mutual consent of the parties will be taken as a surrender by operation by law, etc. If the delivery over of the key was by mutual consent of the parties in the absence of any understanding between the parties, a surrender might well be presumed; and when there was no testimony tending to show an agreement or understanding between

the parties, the respondent—the landlord—had no right to reassume possession and permit another person to use and occupy the premises, if he designed to regard the lease as continuing ; and when he delivered the key to Casper and gave him a direct permission to enter, use and occupy, without any privity or consent of the appellant—the lessee—it amounted from that time to an eviction." In *Hutchinson v. Jones*, 79 Mo. 496, it is said : "A surrender may be inferred from the facts proved." "The actual change of possession from the lessee to another tenant, and the acceptance of rent from him by the landlord, operates a surrender." And in line with the three preceding cases is *Prior v. Kiso*, 81 Mo. 241. The case of *Prentiss v. Warne*, 10 Mo. 601, decides no more than that the bare delivery of the key by a tenant to his landlord before the expiration of his term does not amount to a surrender by operation of law. *Goodfellow v. Noble*, 25 Mo. 60, decides that the mere abandonment of the premises by the tenant before the end of his term, and the giving notice of the fact does not amount to a surrender, unless the landlord accepts the premises. *Livermore v. Eddy's Adm'r*, 33 Mo. 546, decides that the acceptance by the landlord of the key of the tenant and making repairs thereon will not exonerate the tenant from the payment of the rent, in the absence of an agreement of the landlord to acquit him of his liability. It is said in *Thomas v. Cox*, 6 Mo. 263, that nothing will discharge a sealed covenant but "performance or discharge under seal." This statement is not strictly correct unless the word, performance, was used in the sense of surrender ; for the law is well settled that "nothing but a surrender, or release, or an eviction absolves a tenant from the obligation to pay rent." *Dye v. Wightman*, 66 Pa. St. 425 ; *Foster v. Milliken*, 8 Barr. 111. Unless this word was used in its broader sense, as indicated, the statement of the rule is incorrect.

The plea of surrender has always exonerated the tenant from the payment of rent. It is equivalent to performance, or, if not that, it is an excuse for non-permance. Wood's Land. & Ten. 792–812. Under an express covenant at common law, the tenant cannot resist a demand to pay rent, unless he was evicted by the landlord or otherwise legally entitled to quit possession, and did so, or that the landlord has accepted another person as tenant in his stead. Taylor Land. & Ten., sec. 372; *Wood v. Mason*, 9 Price, 294. In order, however, to produce an eviction, it is not necessary that there should be an actual physical expulsion; for the landlord may do many acts tending to diminish the enjoyment of the premises, besides effecting an actual expulsion, which will amount to an eviction in law and exonerate the tenant, if he quits possession, from the payment of the rent. "A tenant is required to pay rent only for the beneficial enjoyment of the premises, unmolested in any way by the landlord." Taylor, Land. & Ten., secs. 381, 382.

A covenantor cannot by any act of his own, short of performance, discharge or in any manner qualify his express covenant, without the concurrence of the covenantee. But any act of positive prevention by the covenantee will release the covenantor's performance. Taylor, Land. & Ten., sec. 269. In *Smith v. Niver*, 2 Barb. 180, it was said: "It is undoubtedly conclusively settled by authority, that a second lease, to operate as an effectual surrender of the first, must of itself be effectual to vest in the lessee the term it professes to convey and must bind him to a performance of its conditions. But it has never been decided that a lessor who has consented to a change of tenancy and permitted a change of occupation and received rent from the new tenant as an original and not as a subtenant, can afterwards charge the original tenant for rent accruing during the occupation of the new tenant, No principle

is better settled or more uniformly adhered to than that there must be an entry and expulsion of the tenant by the landlord, or some deliberate disturbance of the possession, depriving the tenant of the beneficial enjoyment of the disused premises to operate as a suspension or extinction of rent. *Ogelvie v. Hull*, 5 Hill, 54. The tenant may show that he has been evicted and kept out of the possession of the premises by the landlord, or the holder of the paramount title. This defense may be made at law when the action is brought for rent reserved by the lease. Taylor, Land. & Ten., sec. 627.

The answer therefore alleged a surrender by operation of law. The acts which are alleged, from which a surrender is implied by operation of law, conclusively show an eviction as well. The entry by plaintiffs into possession, and the leasing the premises to another tenant in place of defendants for a greater term, show facts from which an eviction can be inferred as a matter of law. It seems to us that, interpreting the answer according to the rule of pleading in *Stillwell v. Hamm*, 97 Mo. 579, it sufficiently pleads a surrender, by operation of law, to let in the proof. Under the system of pleading as it existed at common law " eviction must be especially pleaded in covenant," but under the code it would seem that, if the facts are pleaded from which an eviction can be inferred, the plea will be sufficient. *Matthews v. Tobener*, 39 Mo. 116.

II. The facts as found by the jury under the instructions were, that the defendants abandoned the plaintiffs' premises with the intent of surrendering same to plaintiffs, and that plaintiffs took possession thereof with the intent of releasing defendants from the payment of the rent, and for the purpose of holding the same against said leasehold interest of defendants, and leased the premises to Bartons for a period of five years from January 1, 1887, and therefore the authorities cited by the plaintiffs, in support of the third proposition of their brief, *do not apply*.

Huling v. Roll.

The court instructed the jury that, to constitute a surrender, it was essential that the plaintiffs should have consented to the defendants' abandoning and giving up the possession of the premises with the intent to release defendants from further obligations under the lease. The jury found there was a surrender within this definition. The definition is that which was formulated and presented by the plaintiffs, and is therefore conclusive here. The question was simply one of fact for the jury under the evidence; whether there was a surrender as pleaded, and they having found such to be the fact that is the end of it as far as we are concerned. We can discover no error in the giving or refusal of instructions.

If as we think is the fact, the acts of the parties alleged in the answer and found by the jury, were such as a surrender was implied therefrom by operation of law then it existed in spite of the intention of the parties. Wood's Land & Ten., sec. 497.

Therefore, testimony to the effect that, one of the defendants, after the dissolution of their firm, and after plaintiffs had re-let the premises to the Bartons, offered to pay plaintiffs $1,000 for the discharge from the obligations of said lease, was immaterial. The surrender was then accomplished and the parties were estopped to dispute it. In this view, one of the partners after dissolution could not revive the obligations of a covenant of the partnership which was discharged, without the consent of all the members.

Perceiving no error prejudicial to the substantial rights of the plaintiffs the judgment will be affirmed. All concur.