SESSINGHAUS, Appellant, v. KNOCKE, Respondent.

St. Louis Court of Appeals, November 5, 1907.

LANDLORD AND TENANT: Abandonment of Premises: Jury Question: Acceptance of Abandonment. Where a tenant abandoned the premises he had occupied, leaving the key with a neighbor, and the landlord took the key, put up a sign "for rent," made repairs and refused to let the premises on terms offered by another would-be tenant, in an action for rent it was a question for the jury as to whether the landlord exercised such dominion over the premises as to indicate an intent to accept the tenant's abandonment as a surrender of the same.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

AFFIRMED.

*Henry H. Oberschelp* for appellant.

(1) There was no agreement by plaintiff to accept a surrender of the premises, and nothing done by plain-.tiff or her agent which released defendant from his liability to pay rent until the premises were re-rented April 1st. Livermore v. Eddy, 33 Mo. 547; Buck v. Lewis, 46 Mo. App. 227; Sander v. Holstein Com. Co., 121 Mo. App. 293; Eubank v. Finnell, 118 Mo. App. 535. (2) Defendant was liable not only for rent for January, the month after he vacated, but also for February and for March. Smith v. Smith Bros., 62 Mo. App. 596. R. S. 1899, sec. 4110. (3) On the undisputed and admitted facts, plaintiff was entitled to the judgment without any submission to the jury. May v. Crawford, 150 Mo. 504; Minnier v. Railroad, 167 Mo. 120.

*B. R. Brewer* for respondent.

Watts and Sessinghaus were appellant's agents. They made their election, went into exclusive possession and absolute control and held unbroken, continuous domination over the premises from the 27th of December, 1905, up until the 1st day of April, 1906. After having taken counsel from Mr. Oberschelp, they then concluded to sue respondent. Sanders v. Holstein Commission Co., 118 Mo. App. 29; Realty Co. v. Brecht, 109 Mo. App. 25; Campbell v. Railroad, 175 Mo. 161; Restetsky v. Railroad, 106 Mo. App. 382; Huguemin v. Hinds, 97 Mo. App. 346.

BLAND, P. J.—The action is for rent and was commenced before a justice of the peace, where plaintiff recovered judgment. Defendant appealed to the circuit court. On a trial *de novo* in said court, after the close

of all the evidence, the jury were peremptorily instructed to find for plaintiff. Defendant moved the court to grant a new trial, on the ground that the issues should have been submitted to the jury. The motion was sustained and a new trial granted. From the order granting a new trial, plaintiff appealed to this court. The evidence of both parties shows that in July, 1904, defendant verbally rented of plaintiff the second and third floors of No. 2404 N. Broadway, in the city of St. Louis (known as the Mound City Hotel) from month to month, at a rental of $100 per month, payable in advance. Defendant occupied the premises until about the twentieth day of December, 1905, when, without giving any notice to plaintiff, and without her knowledge or consent, he abandoned the premises and left the key in the possession of a saloon keeper, who occupied the first floor of the building but who was not the agent of plaintiff. Defendant paid the rent up to and including December, 1905. Plaintiff sued for and recovered the rent for January and February, 1906. This action is to recover the rent for the month of March, 1906. Defendant's contention is that plaintiff, by taking possession of the premises and exercising dominion over them, released him from the payment of the rent sued for. In support of this contention he relies upon the evidence of T. W. Sessinghaus, plaintiff's son, and A. H. Watts, both of whom were plaintiff's agents to rent the premises. Sessinghaus' evidence shows that sometime in December, and after defendant had abandoned the premises, he learned the latter had vacated and left the key with the saloon keeper; that he informed Watts of this fact and instructed him to get the key and put up a "For Rent" sign on the premises; that the weather was very cold and for fear of the water freezing in the water pipes in the house, he sent a plumber to the premises to turn off the water and also had the rubbish removed from the house, and some of the rooms repapered. Witness also

testified that in the month of January or February, he had an offer of $90 per month for the premises but declined to accept it. Watts testified he got the key from the saloon keeper and posted a large "For Rent" sign on the house, and after posting the sign was offered ninety dollars a month for the premises but refused to accept it and finally secured a tenant at $100 a month, whose term began April 1, 1906.

If the evidence shows, or tends to show, that plaintiff by her agents, after they learned defendant had abandoned the premises, took such possession of them and exercised such dominion over them as to indicate an intent on their part to accept and treat defendant's abandonment of the premises as a surrender thereof, then the case should have been sent to the jury. In Livermore & Cooley v. Eddy's Admr., 33 Mo. 547, it was ruled: "The quitting of the premises occupied by a tenant during the term, and sending the key to the landlord, who proceeds to repair and use the house, does not discharge the tenant from his liability to pay rent, unless the landlord consent to acquit the rent." And in Sander v. Commission Co., 121 Mo. App. l. c. 297, 99 S. W. 12, we said: "A landlord may enter the vacated premises for the purpose of guarding and protecting them from a threatened injury or to prevent waste, to abate a nuisance, or to make such repairs as would not interfere with the occupancy of the absent tenant, if he should return." At page 298, in passing on a motion for rehearing, GOODE, J., said: "When the tenant vacates without the landlord's consent, it is usually held the latter may relet without working a surrender, though the old tenant will be entitled to an abatement from the rent in proportion to what is collected from the new one. [Jones, Landlord and Tenant, sec. 549.]" Now if, in the circumstances related, the landlord may relet the premises without releasing the tenant who vacated, it cannot be said that putting up a "For Rent" sign by

the landlord would have that effect; and as entering the premises by the landlord for the purpose of protecting them, or for the purpose of making repairs, has been expressly held not sufficient to show an intent to release the tenant who had abandoned without notice, we are unable to see that there is any evidence whatever in the case upon which a jury would be authorized to find plaintiff released defendant from the payment of the rent sued for. On the evidence of both parties, plaintiff is clearly entitled to recover the rent for March, 1906, but my associates think that whether or not plaintiff's agents took possession of the premises with the intention of releasing defendant from his obligation to pay rent, should have been submitted to the jury, and for this reason the motion for new trial was properly sustained. The judgment is therefore affirmed. All concur.