## In re MALLOW HOTEL CORPORATION.

## In re WILKES–BARRE HOTEL CO.

### Nos. 9287, 9476.

District Court, M. D. Pennsylvania.

Jan. 28, 1937.

Frank P. Slattery, of Wilkes-Barre, Pa., for Mallow Hotel Corporation.

James P. Harris, Robert J. Doran, and Neil Chrisman, all of Wilkes-Barre, Pa., for Wilkes-Barre Hotel Co.

JOHNSON, District Judge.

This matter comes before the court on exceptions to recommendations of the special master concerning certain rent claims filed by the Wilkes-Barre Hotel Company, debtor, against the Mallow Hotel Corporation, debtor.

In 1929 the Wilkes-Barre Hotel Company leased certain hotel properties to the Mallow Hotel Corporation which operated the same. The Mallow Hotel Corporation became in arrears in its rent and so financially involved that receivers in equity were appointed on January 12, 1931. The equity receivers operated the hotel' properties for about five years until a petition for reorganization under section 77B Bankr.Act, as amended (11 U.S.C.A. § 207), was filed and trustees appointed on January 3, 1936. Subsequently the Wilkes-Barre Hotel' Corporation filed its petition for reorganization under section 77B.

The Wilkes-Barre Hotel Company filed in the reorganization proceeding of the Mallow Hotel Corporation claims for past-due rent owed by the latter corporation and its receivers. The first claim in the amount of $30,380.40 is for rent in arrears up to the time the receivers in equity were appointed and the second claim is for $388,553.31, the balance due on rent for the period during which receivers occupied the premises.

The Mallow Hotel Corporation, by its president, H. R. Mallow, petitioned this court to strike from the records the rental claims of the Wilkes-Barre Hotel Corporation, debtor. The matter was re-

ferred to the special master who recommended that the objections to the claim of $30,380.40 for rent up to January 12, 1931, be dismissed, but he did not determine whether the claim of $388,553.31 was due as rent under the leases but recommended that the lessor, Wilkes-Barre Hotel Company, petition the court to determine the allowance for use and occupancy in accordance with the rule enunciated in Public Service Commission of Pennsylvania v. Philadelphia Rapid Transit Company et al. (C.C.A.) 82 F.(2d) 481, 487.

No exceptions were filed to the recommendations on the $30,380.40 claim. This recommendation is proper, and objections to the claim for rent due under the leases up to January 12, 1931, are dismissed.

The Wilkes-Barre Hotel Company, debtor, excepted to the master's recommendation on the $388,553.31 claim for rent due under the leases during the occupancy of the receivers in equity. This is the only matter before the court.

The Mallow Hotel Corporation first contends that the receivers never adopted or rejected the leases and were therefore presumed to have rejected the leases and accordingly were liable only for use and occupancy, not measured by the terms of the leases. The Wilkes-Barre Hotel Company, debtor, contends that the receivers, by their conduct, adopted the leases and were liable for the full amount of the rent thereunder.

The receivers never expressly adopted the leases, but they clearly adopted them by their acts, conduct, and statements. A receiver is entitled to hold possession of leased premises for a reasonable time to determine whether to adopt or reject the lease, without becoming bound by it. 53 C.J. § 191. Quincy, Missouri & Pacific Railroad Co. v. Humphreys, 145 U. S. 82, 12 S.Ct. 787, 36 L.Ed. 632; Park v. New York, L. E. & W. R. Co. (C.C.) 57 F. 799; Farmers' Loan & Trust Co. et al. v. Northern Pac. R. Co. (C.C.) 58 F. 257; Ames et al. v. Union Pac. Ry. Co. et al. (C.C.) 60 F. 966; Carswell v. Farmers' Loan & Trust Co. of N.Y. (C.C.A) 74 F. 88; Thomas v. Cincinnati, N. O. & T. P. Ry. Co. (C.C.) 77 F. 667; Fleming v. Noble et al. (C.C.A.) 250 F. 733; American Brake Shoe & Foundry Co. v. New York Rys. Co. (C.C.A.) 282 F. 523; Johnson v. Emerson Phonograph Co., Inc. (C. C.A.) 296 F. 42. But where a receiver elects to remain beyond a reasonable time or otherwise in effect excludes the lessor from such property, his act constitutes an adoption of the lease, and he is bound to pay rent according to the terms of the lease. Park v. New York, L. E. & W. R. Co. (C.C.) 57 F. 799, 803; Clyde et al. v. Richmond & D. R. Co. et al. (C.C.) 63 F. 21, 24; Dayton Hydraulic Co. v. Felsenthall (C.C.A.) 116 F. 961; Menke v. Willcox (D.C.) 275 F. 57, 59. In the latter case the court said: "In order to be bound, they must positively indicate their intention to take it over. Peabody Coal Co. v. Nixon, 226 F. 20, 140 C.C.A. 446 (C. C.A.8). That intention may be indicated by remaining in enjoyment of the asset without dissent. Link Belt Machinery Co. v. Hughes, 174 Ill. 155, 51 N.E. 179. But in such cases it is only because an assent may in fact be so implied."

In Thomas v. Cincinnati, N. O. & T. P. Ry. Co. (C.C.) 77 F. 667, at page 670, Taft, Circuit Judge said: "The time which has elapsed since the receiver took possession would be far in excess of the time required by him to determine whether he should elect to adopt the lease as a valuable asset of the company or to reject it. Without some agreement, tacit or expressed, between the parties, his possession of 3½ years could be attributed to nothing but the lease, and would therefore have to be construed as an election to assume it, for the benefit of his trust."

The receivers in equity took no affirmative action to reject the leases, but took possession of all of the leased premises and enjoyed its occupancy for fully five years. This occupancy was far in excess of a reasonable time within which to elect to adopt or reject the leases. Not having rejected the leases, but, on the other hand, using the property uninterruptedly for five years together with other affirmative conduct and statements in recognition of the leases, hereinafter mentioned, conclusively show an adoption of the leases by the receivers.

In a petition of the receivers filed February 2, 1931, in the receivership cause, 713 in Equity, the receivers aver "That the new Hotel building known as the Mallow Sterling Hotel which is part of the property leased by your petitioners and being used by them in providing for their guests. * * *" In another petition filed on July 24, 1933, the receivers aver that "Since January 12, 1931, your petitioners

874

have been carrying on and are conducting the business of the defendant company which is the operation under leases of the Mallow-Sterling Hotel in Wilkes-Barre, Luzerne County, Pennsylvania; said hotel consisting of a main building and a new addition thereto, both buildings being connected, and operated as the Mallow-Sterling Hotel." In another petition filed on April 8, 1935, the receivers aver that "The Wilkes-Barre Hotel Company is a corporation, owner and lessor, and Mallow Hotel Corporation is the lessee and tenant, of the premises known as Mallow-Sterling Hotel in the City of Wilkes-Barre, Pennsylvania." In an itemized list of services attached to a petition for fees by Frank P. Slattery, Esq., one of the attorneys for the receivers, filed on August 15, 1936, it is stated: "Assisted in preparing petitions of Receivers to the landlord asking for reductions in rent, and also met with Directors of the landlord for the same purpose on several occasions." In the receivers' final account filed on July 17, 1936, they state that "During the receivership, your accountants paid to the landlord on account of rent the total sum of $302,202.26." The receivers in their account explain the payments on account of rent and show that it was necessary to continue such payments or a default on certain mortgages would occur requiring replacement of the property to its original condition, entailing costs far in excess of the payments on account of rent. It also appears that the auditor of the Mallow Hotel Corporation, in conjunction with an officer of the Wilkes-Barre Hotel Company, prepared a statement of the rent due under the terms of the leases to the latter as of September 30, 1934. The claim filed by the Wilkes-Barre Hotel Company, debtor, is identical with that statement up to September 30, 1934. This statement was adopted at a meeting of the Board of Directors of the Wilkes-Barre Hotel Company. Since the petition before the court to strike the rent claim from the record is signed Mallow Hotel Corporation by H. R. Mallow, president, it is significant that H. R. Mallow, one of the directors of the Wilkes-Barre Hotel Company, voted in favor of the resolution. Director Frank P. Slattery was also in favor of the resolution, and at the time was attorney for the receivers of the Mallow Hotel Corporation, and who is attorney for the present petitioner. The resolution provided:

"Mr. McCracken who, with Mr. Hoffman, Auditor of the Mallow Hotel Corporation, with the cooperation of the Receivers for the Mallow Hotel Corporation, prepared a detailed statement of the net indebtedness of the Mallow Hotel Corporation to the Wilkes-Barre Hotel Company as of September 30, 1934, read the statement at the request of the directors.

"On motion by Mr. Smith, seconded by Mr. Burnside it was unanimously—

"Resolved, that the statement as read be adopted and accepted as a statement of the net indebtedness due to the Wilkes-Barre Hotel Company by the Mallow Hotel Corporation as of September 30, 1934, and that the detailed statement be spread at length upon the minutes."

It nowhere appears on the record that the Wilkes-Barre Hotel Corporation ever agreed to any other rent than that stipulated in the leases.

It is to be noted that the first and only rejection of the leases was made on February 14, 1936, by the trustees appointed in the reorganization proceedings of the Mallow Hotel Corporation, debtor.

Under all the circumstances, in addition to the five-year period of occupancy, it clearly appears that the receivers have, by their acts, conduct, and statements, adopted the leases and were accordingly bound to pay the stipulated rent.

The petitioner, Mallow Hotel Corporation, further contends that the Wilkes-Barre Hotel Company, debtor, is estopped from claiming any rent because no claim for rent was ever filed with the receivers and because the final account of the receivers did not list any rent claim as a liability.

Since no order was ever made in the receivership cause fixing a limit of time within which creditors were required to file their claims, the rent claim of the Wilkes-Barre Hotel Company is not barred. The rent was accruing until the end of the receivership and was indeterminate until the receivership came to an end. If the final account filed on July 17, 1936, did not list the rent claim as a liability, the Wilkes-Barre Hotel Company, debtor, is not estopped, since the account was not for the purpose of distribution of assets. 53 C.J. § 394, p. 237. All the assets had been transferred to and the liabilities assumed by the trustees under

section 77B. It further appears that the rent claim had been filed with the trustees under section 77B before the receivers' final account was filed.

As stated above, the master did not decide whether the claim of $388,553.31 was due as rent under the leases, but recommended that the Wilkes-Barre Hotel Company petition for an allowance for use and occupancy in accordance with the rule in Public Service Commission v. Philadelphia Rapid Transit Company, supra. That case does not apply here. In that case, the Philadelphia Rapid Transit Company, which had been operating under numerous leases, filed a petition for reorganization under section 77B. The question on appeal was whether allowances for use and occupancy were proper where the leases had been rejected and where it appeared that the debtor did not occupy and use all of its property and there was no proof of the rental value, nature, or period of time of the use and occupancy of the property for which compensation was allowed. The court there said, 82 F. (2d) 481, on page 487:

"As to the allowances for the use and occupation of the properties leased by the Philadelphia Rapid Transit Company from the underliers, we held, and reaffirm our position, that creditors in a bankruptcy proceeding are entitled to know what property was used and occupied and the extent of that use and occupancy before allowances may be made therefor, and this is particularly so in view of the contention that the debtor is paying for property which it does not occupy or use.

"In opposition to this position and in support of the allowances made, counsel cite cases to the effect that receivers and trustees should be given a reasonable time to elect whether or not they will affirm the lease and that during this period they should pay the stipulated rental. Those cases are inapplicable here, because the filing of the plan was in effect a disaffirmance of the leases, and the appellees are not asking the court to make allowances in accordance with them."

In the case before this court the leases were not disaffirmed, but were adopted by the receivers, and the lessor's claim is not for use and occupancy, but for the stipulated rent under the leases. Furthermore, there is no contention that the receivers did not occupy all of the leased premises.

On the contrary, they occupied the whole of the leased property.

And now, January 28, 1937, the receivers in equity of the Mallow Hotel Corporation having occupied for a period of five years all of the premises leased by the Wilkes-Barre Hotel Company to the Mallow Hotel Corporation, and having by their conduct adopted the said leases, thereby becoming liable for the rent stipulated in the leases, it is,

Ordered that the petition to dismiss the claims of the Wilkes-Barre Hotel Company, debtor, for rent due under the leases up to the end of the equity receivership, is dismissed and the rule thereon is discharged.