## HOTZ v. FEDERAL RESERVE BANK OF KANSAS CITY, MO.

### No. 11459.

Circuit Court of Appeals, Eighth Circuit.
Dec. 13, 1939.

William J. Hotz and Hotz & Hotz, all of Omaha, Neb., for appellant.

William A. Schall and Edward G. Garvey, both of Omaha, Neb., for appellee.

Before THOMAS and VAN VALKENBURGH, Circuit Judges, and DEWEY, District Judge.

VAN VALKENBURGH, Circuit Judge.

Appellant seeks to reverse an order of the district court for the District of Nebraska, in proceedings under section 77B, 11 U.S.C.A. § 207, p. 1057, 48 Stat. 912, allowing in full, and as an expense of administration, a claim for rental of office rooms from appellee. The amount in controversy is $770. The facts were stipulated and can best be stated in the language of the court's findings:

"This cause having been presented to the court upon a stipulation of facts agreed to in writing by and between the parties hereto, the court specially finds the facts to be in accordance with said stipulation, as follows, to-wit:

"1. That on the 23rd day of June, 1930, the Federal Reserve Bank of Kansas City, claimant herein, entered into a written agreement with debtor, Equity Finance & Investment Corporation (said agreement having been executed by the duly authorized officers of both corporations), whereby claimant leased certain office space in the Federal Reserve Bank Building in Kansas City to debtor, for a period of five (5) years, from July 1st, 1930, to June 30th, 1935, at the agreed annual rental of $1694.00, payable in equal monthly installments in advance of $141.16. That the Equity Finance & Investment Corporation entered and took possession under said lease, and paid rent in accordance with the terms thereof, until sometime during the month of November, 1932, when one M. Hanley was duly appointed Equity Receiver for said Equity Finance & Investment Corporation in a proceeding instituted in the District Court of the United States for the Western Division of the Western District of Missouri.

"2. The court further finds that negotiations were then had between claimant and said M. Hanley, who was the duly appointed and qualified Equity Receiver of debtor corporation, for the purpose of determining whether said M. Hanley, Receiver, on behalf of the debtor corporation, should adopt or reject aforesaid lease. That finally, when claimant reduced the rental from $141.16 to $110.00 monthly rental, said M. Hanley, Receiver, made formal application to the District Court of the United States for the Western Division of the Western District of Missouri, for an order authorizing and directing said Receiver to adopt said lease at said reduced rental. That the District Court of the United States for the Western Division of the Western District of Missouri, being fully advised in the premises, duly entered an order authorizing and directing said M. Hanley, Receiver, to adopt aforesaid lease in writing for the remainder of the term, at the reduced rental of $110.00 a month. That in compliance with said order of the court, said M. Hanley, Receiver, renewed said lease in writing for the remainder of the term, and continued in possession of the premises under said lease up to and including the 1st day of October, 1934.

"3. The court finds that on September 29th, 1934, debtor's petition for corporate reorganization under Section 77B of the Bankruptcy Act as amended, 11 U.S.C.A. § 207 was transferred to this court from the District Court of the United States for the Western Division of the Western District of Missouri, and on that day, one Thomas C. Mustain was duly appointed Trustee for said Equity Finance & Investment Corporation, in place of M. Hanley, Receiver.

"4. The court finds that on the 10th day of October, 1934, Thomas C. Mustain, Trustee, removed all furniture and equipment from the Equity Finance & Investment Corporation's leased office space in the Federal Reserve Bank Building in Kansas City, and transferred said equipment to Omaha, Nebraska. That said Equity Finance & Investment Corporation and its Trustee, Thomas C. Mustain, paid rent for the use of said office space, up to and including November 30th, 1934, but that thereafter and ever since November 30th, 1934, said Trustee has refused to remit to claimant the rental due under the terms of said lease, which was entered into pursuant to an order of the District Court of the United States for the Western Division of the Western District of Missouri, for the last seven (7) months of the

term covered by said lease, to-wit, from December 1st, 1934, to June 30th, 1935, inclusive, amounting in the aggregate to the sum of $770.00.

"5. The court further finds that at no time did the debtor corporation or its Trustees apply to the court in Missouri, or to this court for an order rejecting said lease as a burdensome contract, although said lease had been adopted pursuant to an order of court, but that said lease expired by its own terms on June 30th, 1935.

"6. That on the 21st day of January, 1935, Federal Reserve Bank of Kansas City, claimant herein, filed its proof of claim herein, with the original lease attached to said proof of claim. That on February 28th, 1935, Thomas C. Mustain and Mary A. Mullen, Trustees, filed their report herein, recommending that said claim for rent be disallowed; but the court finds that the Trustees at no time applied for an order of court to reject the lease as a burdensome contract. That on March 8th, 1935, said Federal Reserve Bank of Kansas City filed herein its exceptions to the above mentioned report of the Trustees recommending that said rental claim be disallowed in its entirety.

"7. The court further finds that each and every fact as set out in the stipulation entered into by and between the parties hereto, is true and correct."

Upon the facts thus found the court announced the following conclusions of law:

"1. The court finds as a matter of law that since the Trustees of debtor corporation adopted the lease under consideration, pursuant to an order of court, said lease was to remain in full force and effect until such time when a court order was entered rejecting said lease as a burdensome contract. Since, in the case at bar, no application was ever made to the court for a rejection of said lease, the court therefore finds that said lease remained in full force and effect until it expired by its terms, and that debtor is liable for the last seven months rental under the lease, amounting to the sum of $770.00.

"2. The court further finds that since the lease was entered into by the Trustees pursuant to a court order, while debtor was reorganizing under Section 77B of the Bankruptcy Act as amended, said lease is properly classified as an expense of administration, and will therefore be allowed as a preferred claim against debtor.

"Dated this 1st day of February, 1939."

In their brief counsel for appellant urge what are designated as four points of law, the substance of which is that, where a lease has been terminated by nonadoption, rejection, and surrender of the premises, the landlord has a claim for damages and the measure of damages is the difference between the rental agreed upon, in the lease for the fixed period and the actual rental value of the premises for such term at the time of the breach. It is insisted that neither the statute nor rules of court provide any special form of notice of rejection, nonadoption, or surrender, and that it is sufficient if the landlord is free to deal with the property as he chooses regardless of whether there was a technical surrender. It is contended that Section 207, sub. b, 11 U.S.C.A. page 1061, etc., supplies the procedure for the ascertainment of such damages in reference to unexpired leases after a petition for reorganization is filed and approved, and that said section has been reasonably and substantially complied with by appellant in the instant case. A further contention is that, with respect to allowances in prior receivership proceedings, the judge under 77B shall make such orders as he may deem equitable respecting administrative expenses in the prior proceedings "as may be fixed by the court appointing said receiver or prior trustee"; and that the action of the court in making the order of allowance from which this appeal is taken is not in law the approval of a claim in the receivership proceedings after the filing and approval of a petition in bankruptcy under 77B.

It will be observed that counsel for appellant base their assignment, that the trial court erred in allowing the claim of appellee, upon the contention that there was a surrender by operation of law when the trustee in bankruptcy abandoned the premises and removed the furniture upon the filing of the petition for corporate reorganization under 77B of the Bankruptcy Act, and the litigation was transferred from the district court for the Western Division of the Western District of Missouri to the district court of the United States for the District of Nebraska.

The question of surrender, whether by intention of parties or by operation of law, is to be determined by

219

the law of the state in which the demised premises are situated. The law of that state governs the rights and liabilities of the parties in an action for rent against a tenant who is charged with abandonment of the premises. (36 C.J. par. 1152, note.) This is the general rule applicable to real property. We therefore apply the law of the State of Missouri to the facts stipulated and found.

"Removal by a tenant and giving the key to the landlord, before the expiration of the term, does not, by operation of law, amount to a surrender of the term. Where a tenancy is thus determined before the term is ended, the tenant is liable for the rent". Prentiss v. Warne, 10 Mo. 601.

A very good definition of surrender is given in Buck v. Lewis, 46 Mo.App. 227: "A surrender is the yielding up the estate to the landlord so that the leasehold becomes extinct by mutual agreement of the parties. It is either by words by which the lessee manifests his intention of yielding up his interest in the premises, or by operation of law; as for instance, where, by consent of both parties, another becomes tenant of the premises, and the landlord collects rent from him". See Huling v. Roll, 43 Mo.App. 234, and Livermore et al. v. Eddy's Adm'r, Branham, 33 Mo. 547.

"It is not a sufficient plea of a surrender to state that the tenant delivered up possession of the premises to the landlord. It must be stated that the landlord consented to accept the possession and discharge the tenant". Kerr v. Clark, 19 Mo. 132; Thomas v. Cox, 6 Mo. 506.

"If the tenant quit possession before the end of the term, he will be liable for the whole rent". Quinette v. Carpenter, 35 Mo. 502.

The rule thus consistently announced by the Missouri Courts prevails generally throughout the United States.

"A tenant who abandons the occupancy of the demised premises before the expiration of his lease without the consent of his landlord or other legal justification does not thereby exonerate himself from the payment of the rent for the residue of the term". 36 C.J. par. 1152, p. 340.

This text is supported by an impressive citation of state decisions, including those from Missouri and Nebraska. Incidentally, the rule in Nebraska, to which counsel for appellant refer as governing the relationship of the parties in this case, conforms to that hereinabove announced. Herpolsheimer v. Christopher, 76 Neb. 352, 107 N.W. 382, 111 N.W. 359, 9 L.R.A., N.S., 1127, 14 Ann.Cas. 399; Kimball v. Lincoln Theatre Corporation, 125 Neb. 677, 251 N.W. 290; Krug Park Amusement Co. v. New York Underwriters' Ins. Co., 129 Neb. 239, 261 N.W. 364. Compare also, Sessinghaus v. Knocke, 127 Mo. App. 300, 105 S.W. 283; 24 Cyc. page 923 and cases cited; 35 C.J. par. 269, page 1086, and par. 276, page 1090; 36 C.J. par. 1107, page 307, and In re Mullings Clothing Co., D.C., 252 F. 667.

Appellee has exercised no dominion over the premises since their alleged abandonment by the debtor's trustee, nor has it, by any act, indicated an intent to accept the tenant's abandonment as a surrender thereof. It filed its proof of claim, presumably in obedience to an order of court, as indicated by a subsequent order extending the time for filing report and recommendations of the trustees upon such claims. In its proof of claim appellee consistently treated the lease as in full force, and demanded payment of the rental in full for the balance of the term. It will be noted that this lease was expressly adopted by the Equity receiver, and it and the rental thereunder became an administrative obligation. An added equity to the lessor results from the fact that it reduced the monthly rental materially upon the faith of this assumption by the receiver. That adoption was never rescinded by any legal action on the part of the permanent trustee. No application was made to the court to relieve the estate from a contract deemed to be burdensome. The lessor was not required to guess or infer that the premises would no longer be desired by appellant for any purpose, nor arbitrarily to reassume control thereof. If for no other reason than that a party to an executory contract would find it difficult to state a claim under Section 207, 11 U.S.C.A. before a contract has been definitely broken, "the trustees of the debtor rather than the other party should take the initiative to determine the future status of the contract"; and an executory contract "remains in force in a proceeding under section 77B until it is rejected, and unless rejected, it passes with other property of the debtor to the reorganized corporation". Consolidated Gas Electric

L. & P. Co. v. United Railways & Electric Co., 4 Cir., 85 F.2d 799, 804, 805.

■ In taking over and converting the Equity receivership into a statutory reorganization proceeding, the trial court ordered that the permanent trustees then appointed "shall be vested with title to all the properties of the above named debtor wheresoever the same may be situated, of whatsoever nature, subject, however, to the reasonable obligations incurred by the receiver or receivers of said debtor in the administration of the receivership heretofore pending * * * in the United States District Court for the Western Division of the Western District of Missouri, at Kansas City". In such case the trustees in reorganization take over the debtor corporation's estate subject to obligations of receivers. Hennepin County, Minnesota v. M. W. Savage Factories, Inc., 8 Cir., 83 F.2d 453.

■ As against such responsibility of the trustees in this case appellant quotes the following language from the same order: "The court reserves to itself the right to pass upon and approve any and all contracts heretofore made concerning or relating to any part of the business or property of the debtor and/or to the use, management or operation of any of such property or business, and whether so made by the debtor or its said receiver or receivers, and no such contract shall be regarded as binding or taken as adopted unless expressly ordered by further order of this court".

It is urged that this provision in the order rendered all executory contracts and obligations void unless and until expressly approved. Such a construction would be inconsistent with, and contrary to, the previous language of the order which directed the permanent trustees, at their discretion, from time to time, and until further order, to pay all necessary expenses of conducting the business of the debtor, "including current obligations incurred by prior receivers" in the administration of the receivership.

■ It is evident that the court, while reserving to itself the right to pass upon all contracts theretofore made, had in mind matters of allowance more particularly addressed to the sound discretion of the court, such as receivers' fees and other contingent expenses and claims, not within the category of express obligations. At most, the right to pass upon such contracts and their reasonableness was reserved. There was no present determination of their validity. In corporate reorganization proceedings a bankruptcy court can review purely administrative orders entered in receivership proceedings involving the corporation, and can make such orders as are deemed equitable for the protection of obligations incurred by a receiver or prior trustee. 11 U.S.C.A. § 207 sub. i; In re Roger Williams Building Corporation, 7 Cir., 99 F.2d 212. And compare Johnson et al. v. Kurn et al., 8 Cir., 95 F. 2d 629; In re Mallow Hotel Corporation, D.C., 17 F.Supp. 872; In re Chase Commissary Corporation, D.C., 11 F.Supp. 288.

This is the power which the trial judge undertook to exercise and did exercise. His judicial attitude is clearly expressed in his findings and conclusions entered upon the agreed statement of facts, and is amplified by his memorandum opinion filed in connection therewith. We concur in the conclusion reached and the decree accordingly is affirmed.